# CHARLESTON.

SPRAGINS *v.* W. VA. C. & P. R'Y CO.

Submitted January 24, 1891.—Decided March 19, 1891.

PROCESS—PRACTICE.

Process to commence a civil action returnable to the first Monday in a month as a rule-day may be dated, issued, and executed on the return-day.

*A. B. Parsons* for plaintiffs in error, cited Warth's Code, c. 125, ss. 1, 4, 5 ; 3 W. Va. 26 ; 7 W. Va. 22.

*C. W. Dailey* for defendant in error.

LUCAS, PRESIDENT :

This was an action at law, in which, on motion of the defendant, the Circuit Court quashed the summons. The following bill of exceptions was reserved :

"Be it remembered that upon the calling of this case at the former term of this Court, the defendant, by its attorney, appeared only for the purpose of moving to quash the summons in this cause, and moved to quash the same in these words, to wit: 'Summons. The state of West Virginia, to the sheriff of Tucker county, greeting : You are hereby commanded to summon The West Virginia Central and Pittsburg Railroad Company to appear at the clerk's office of the Circuit Court of Tucker county, at rules to be held for the said Court on the first Monday of August, 1889, to answer Samuel D. Buck and Stith B. Spragins, partners in trade under the firm name and style of Spragins, Buck & Co., of a plea of trespass on the case in *assumpsit;* damages, one thousand dollars ; and have then and there this writ. Witness: JOHN J. ADAMS, clerk of our said court, at the court-house of Tucker county, the 5th day of August, 1889, and in the 27th year of the state. (Sheriff's return.) "Executed the within summons on the W. Va. C. & P. R. R. Co. by delivering F. K. Ford, a depot agent of said company in the actual employment of said company, in the

county of Tucker, at the town of Parsons, a station of said company, on the 5th day of August, 1889, the president nor any of the directors, officials of said company, or visitors being found, a copy hereof.' On the ground that it was issued on the 5th day of August, 1889, and returnable the same day, the first Monday of August, 1889, which was the 5th day of said month to which motion the plaintiffs, by their attorney, objected of which motion the court took time to consider, and at this term of the court, upon argument, it appearing to the court that the summons was returnable on the day of its date and issue, and to the same rules, the court sustained the motion of the defendant, and quashed the summons and dismissed the case; to which action and ruling of the court the plaintiffs excepted and tendered this, their bill of exceptions, and prayed that the same be signed, and enrolled, which is accordingly done. Joseph T. Hoke. [Seal.]"

It will be perceived that the only question to be decided in this case is whether the original process or summons to commence an action can be issued on the first rule-day of the month, and served or executed and returned upon the same day.

The provisions in regard to rule-days and the proceedings at rules are to be found in chapter 125 of the Code, and it is provided that rules shall be held on the first Monday in every month, and continued for three days, except where such holding or continuance would interfere with a term of court. It is further provided that "the rules may be to declare, plead, reply, rejoin or for other proceedings. They shall be given from month to month." Chapter 124, after providing for the forms of writs, provides in the second section that "process from any court, whether original, mesne, or final, may be directed to the sheriff of any county. "Any process may be executed on or before the return-day thereof." "Any process shall be returnable within ninety days after its date to the court on the first day of its term, or in the clerk's office to the first Monday in a month or some rule-day, except as follows: A summons for a witness shall be returnable on whatever day his attendance is desired, and an order of attachment may be

returnable to the next term of the court, although more than ninety days from the date of the order, and process awarded in court may be returnable as the court shall direct." Section 5 of the same chapter provides: "The process to commence a suit shall be a writ commanding the officer to whom it is directed to summon a defendant to answer the bill or action. It shall be issued on the order of the plaintiff, or his attorney or agent, and shall not, after it is issued, be altered, nor any blank therein filled up, except by the clerk."

These are the principle provisions of the Code which bear upon this subject. It will be seen that those sentences quoted from the second section of chapter 124 apply to all process in a civil action, whether original, mesne, or final —that is to say, those provisions apply equally to the summons which is the original process to commence a suit; or to an attachment, which is frequently a mesne process; or to an execution, which is generally the final process after judgment has been obtained.

It is contended for the plaintiff in error that the provision which says that "any process shall be returnable within ninety days after its date," taken in connection with section 12 of chapter 13 of the Code, which is as follows: "The time within which an act is to be done shall be computed by excluding the first day and including the last"— does necessarily exclude the day of the issuance of the writ from those days upon which it may be executed. It will be perceived, however, that if this reasoning be correct as to the summons or original process it must necessarily be so also as to the mesne and final process, so that an attachment issued on one day could not be served immediately, but only after the intervention of a day, and an execution could not be levied on the day when issued, but would have to be levied on the following day at the earliest. Such could not possibly have been the intention of the legislature, and the reasoning, upon which such a conclusion is based, must necessarily be fallacious. The error in this reasoning is in overlooking that provision which declares that any process may be executed on the return-day thereof; so that a writ returnable to Monday as the first rule-

day may be served upon that day, no matter when issued. Neither can the defendant suffer the slightest inconvenience from this construction, since the object of the summons is to give him notice of the suit; and it is material to him when the notice is served, but utterly immaterial and unimportant when it may have issued; that is to say, if the writ can be served on Monday, it is utterly immaterial whether it bear date on that day or on the preceding Saturday, since the defendant knows nothing of it until served. When it is provided that an act may be done within a given period *after a certain date*, the general construction is that it may be done the moment that date arrives. For example, if it be said that an infant may elect to set aside a decree by petition within six months, or one hundred and eighty days, after he attains his majority, it follows he may move against the decree upon the very day that his majority is attained. Or if it be provided that the widow shall have one year after probate of the will of her husband within which to renounce the will, such election and renunciation may be made the very moment the will is probated. It follows, therefore, that under the provisions of the Code any process in a civil action, whether original, mesne, or final, may be executed upon the day of its date, and immediately after it is issued. Upon inquiry I find that the practice in the various circuits of the state has differed somewhat on this question, but no doubt in a majority of the circuits the practice which we now affirm and approve has prevailed. It is more important that it should be settled, owing to these differences of opinion which have existed in the various circuits.

For these reasons we think there was error on the part of the Circuit Court in quashing the return, and its judgment must be reversed, the motion overruled, and the case remanded.

REVERSED.   REMANDED.