## MAHONEY v. NEW SOUTH BUILDING & LOAN ASS'N.

(Circuit Court, W. D. Virginia. November 7, 1895.)

REMOVAL OF CAUSES—TIME OF APPLICATION.

Under the practice in Virginia, a summons against a defendant is made returnable at a rule day of the court following its issue. Upon that day, if the defendant fail to appear and plead, an order is entered that judgment go against him, unless he appear and plead at the next rule day; and at such next rule day the defendant may plead to the merits, but any dilatory plea must be filed on the rule day to which the summons is returnable. *Held,* that a petition and bond for removal of a cause to a federal court, filed on the second rule day, at which a plea to the merits is due, is filed in time. *Martin's Adm'r v. Railroad Co.,* 14 Sup. Ct. 533, 151 U. S. 673, distinguished.

Harrison & Long, for plaintiff.
McHugh & Baker, for defendant.

SIMONTON, Circuit Judge. This is a motion to remand a cause removed into this court from the circuit court of the city of Roanoke, Va. The defendant is a corporation of the state of Louisiana; the plaintiff a citizen of the state of Virginia, resident in said city of Roanoke. The defendant filed its petition for removal with bond in the said circuit court for the city of Roanoke, and obtained the order of the court for the removal. The record coming into this court, this motion to remand is made. There is but a single question in the case,—was the petition for removal filed within the proper time? The summons in this case was originally issued on 11th March, 1895, returnable to the rules to be holden on third Monday of March thereafter. An attempt at service was made on 15th March. On second March rules, 1895, this indorsement was made: "Decn. filed and C. O.,"—that is, declaration filed and common order entered. On first April rules, the common order was confirmed, and writ of inquiry granted. But on 17th April, 1895, the court made an order setting aside the service as defective, and on motion of plaintiff the cause was remanded to the rules. A new summons was issued 6th August, 1895, returnable to the rules to be holden on third Monday of August then next ensuing, which summons was served on 7th August, 1895. At the second August rules, this indorsement was made: "Cause remanded to rules at April term. Declaration filed and common order." And at first September rules this entry was made: "Defendant filed petition and bond for removal of cause to U. S. court, and W. E." (writ of inquiry). The practice in Virginia is this: The defendant is brought into court by a summons requiring him to appear on a certain day, when a declaration will be or has been filed. If he fail to appear and plead, the clerk enters what is called the "common order." "This rule is called the 'common order' because it is the usual order; or the 'conditional judgment,' because it threatens the defendant with a judgment unless he appear and plead according to its terms. Those terms, it may be proper to say, are as follows: The defendant having been summoned (or being arrested), and not

appearing, on motion of the plaintiff or by his attorney it is ordered that judgment be entered for the plaintiff against the defendant for the debt in the declaration (if it be a plea of debt), with lawful interest thereon from the —— day of ——, A. D. ——, till paid, and the costs, unless the said defendant shall appear and plead at the next rules. Rob. Forms, 61. And if the defendant shall omit to plead at the succeeding rules, a judgment is then entered against him in the clerk's office, whence it is styled the 'office judgment,' or, as it is sometimes called, and is in terms, it is a 'confirmation of the common order,' and at the same time an order is made for the damages to be inquired into," etc. See 4 Minor, Inst. pt. 1, p. 720. The act of 1888 requires a defendant desiring to remove a suit to make and file his petition in such suit in such state court "at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff for the removal of such suit into the circuit court." Railroad Co. v. Daughtry, 138 U. S. 298, 11 Sup. Ct. 306, discussing this statute, says:

"The statutes of the United States imperatively require that application to remove a cause from a state court to a federal court should be made before the plea is due under the laws and practice of the state, and if the plaintiff does not take advantage of his right to take judgment by default for the want of such plea he does not thereby extend the time for the application for removal."

It is evident from this that the plea is due when the plaintiff has the right to take judgment by default. Under the practice of Virginia it is clear that the plea is not due on the rules day to which the summons is returnable, for the common order which the plaintiff can take out if the defendant does not then appear requires him to appear and plead at the next succeeding rule day. Nor can the plaintiff enter judgment by default against the defendant on the day to which the summons is returnable, for the same common order notifies the defendant that such judgment by default will be taken unless he shall appear and plead on the next succeeding rule day. In this case, therefore, the plea was not due until the rule day in September, and on that day, the time for answering not having yet expired, the petition and bond were filed in the state court. It is true that in Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, Mr. Justice Gray says that the petition for removal should be filed as soon as the defendant is required to make any defense whatever, either in abatement or on the merits. But the case in which he says this involved this same practice in West Virginia, which is exactly the same as in Virginia, where the defendant had not answered or pleaded on the second rule day, and had filed his petition afterwards. This dictum was in no way necessary to the decision, and was obiter. With great deference, the dictum does not seem well founded. Under the Virginia statute any dilatory plea must be filed at the same rules to which the declaration is filed. The act of congress says that the petition for removal must be filed at the time or before the time at which the defendant is

required to plead or answer. A dilatory plea is one which seeks to excuse the defendant from pleading to or answering the declaration, and gives reason why he should not be required so to plead or answer. It is not the sort of plea or answer contemplated in the act. The motion to remand is refused.