WILSON et al. v. WINCHESTER & P. R. CO. et al.[1]

(Circuit Court, D. West Virginia. July 2, 1897.)

1. EQUITY—PLEADING—TIME OF FILING ANSWER.
   Code W. Va. c. 125, § 5, provides that, after the filing of a bill, a rule may be taken "to declare, plead, reply, enjoin, or for other proceedings." Section 44 provides that, "if the defendant fails to appear at the rule day at which the process against him is returned executed, * * * the plaintiff, if he has filed his * * * bill, may have a * * * decree nisi against him," and also that, if defendant fails to appear at the next rule day thereafter, the bill shall be entered as taken for confessed. *Held*, that defendant is not required to plead to the merits of the suit until the decree nisi has been taken, although the bill may be filed on or before the return day of the summons.

2. REMOVAL OF CAUSES—PETITION—TIME OF FILING.
   Act Cong. March 3, 1887 (24 Stat. 554), provides that the party desiring to remove a cause from a state court to the circuit court of the United States on the ground of diverse citizenship must file his petition "at the time, or at any time before the time, when the defendant is required by the laws of the state * * * to answer or plead to the declaration or complaint of the plaintiff." *Held*, that this has reference to the time when he is required to plead to the merits of the cause, and does not limit the filing of the petition to the time when pleas in abatement must be filed under the state practice.

Trapnell & McDonald, for complainants.
George Baylor, for Winchester & P. R. Co.
J. A. Hutchinson and J. Bassel, for Baltimore & O. R. Co.

JACKSON, District Judge. This case is now heard upon a motion to remand it to the court from which it was removed, and that is the only question now to be considered. It appears from the record that a summons issued from the clerk's office of the circuit court of Jefferson county, W. Va., against the defendants, on the 27th day of October, 1893, requiring them "to answer on the first Monday in next month a bill in chancery to be exhibited against them" by the plaintiffs in this action. It does not appear from the record when the bill was filed, except from a statement in the petition that it was filed at the following November rules. When the bill was filed, the plaintiffs were entitled to a rule to plead or reply as the case then stood (chapter 125, § 5, Code W. Va.); but the record does not disclose that the plaintiffs took any such rule, nor does it appear that any step was taken by the plaintiffs to mature their action for hearing beyond the mere filing of their bill at November rules. The statute of West Virginia provides that, after the suit has been brought, "that if the defendant fails to appear at the rule day at which the process against him is returned executed, * * * the plaintiff, if he has filed his declaration or bill, may have a conditional judgment or decree nisi as to such defendant." Code W. Va. c. 125, § 44. No decree nisi was taken, so far as the record discloses, the purpose of which is to notify the defendants that, unless they appear and plead at the next rules, "the bill shall be entered as taken for confessed." Id. The result of this neglect kept the case open until the next rules, and left the plaintiffs in the same condition as if they had failed to file their bill. This

[1] Reported by Benj. Trapnell, Esq., of the Charleston bar.

omission upon the part of the plaintiffs to avail themselves of their right to take a decree nisi furnished the defendants with the opportunity of tendering any defense they might wish to make at December rules, for the reason that under the practice in this state they were not required to plead until the decree nisi was taken, and, as no such order was given at November rules, they were in time to plead at December rules. At the December rules the defendants filed their petition for removal, and subsequently the case was docketed in this court. As there was no necessity for the defendants to do anything to protect their rights until the decree nisi had been taken, it would seem that when they filed their petition at December rules they were in time. But it is insisted that under the act of congress passed in 1888 the defendants were required to file their petition at the rules to which the summons was returnable, and. not having done so, that they lost their right of removal. To sustain this position the case of Martin's Adm'r v. Railroad Co., 151 U. S. 691, 14 Sup. Ct. 533, is cited. I confess that this case somewhat surprised me when I first read it, and ever since I have entertained grave doubts as to the correctness of the construction claimed for it; and I may add that in this conclusion I am supported, not only by the views of some of my brothers in this circuit, but by a judicial construction of the act in question. Mahoney. v. Association, 70 Fed. 513. I do not admit that the act is susceptible of the construction which is supposed to have been given it by the supreme court in the case cited. I have the greatest respect for that tribunal, and, however much I might be inclined to differ with its conclusion in any case where the questions ruled were raised by the pleadings, still I would feel it to be my duty, as it would be my pleasure, to cheerfully acquiesce; but still, if I am mistaken as to what the conclusion of the court was in the case cited, I submit that, where the record not only shows that there was no plea filed to the jurisdiction of the court, but that it clearly appears from it that no objection to the removal was made either in the state court or in the circuit court of the United States, and that the court incidentally passed upon the question of removal, not strictly raised by the pleadings before it, then I will be excused if I treat its conclusion as "obiter,"—a mere dictum, by which I am not bound.

It will be noticed that the act requires any party who desires to remove a case from the state court to the federal court to file his petition in the case "at the time, or any time before, the defendant is required by the laws of the state or the rule of the state court in which suit is brought to answer or plead to the declaration or complaint of the plaintiff." 24 Stat. 554. Under the decision of Martin's Adm'r v. Railroad Co., it is claimed that the petition must be filed at the rules to which the summons is returnable, which is the first rule day. If such is the conclusion of the court in that case, with great deference I think it is a misconception of the act. As I have said before, I do not understand that I am bound by its reasoning, and I trust that I will be excused if I venture to differ with the learned judge who delivered the opinion of the court. It will be observed that the act requires the party to file his petition "when, by the laws of the state, or a rule of the court in which the suit is brought," he is required to

answer or plead to the declaration or complaint of the plaintiff, and not when he might make a defense to the writ or summons.   It must be apparent to the legal mind that when congress employed the words "declaration" and "complaint" in the act they were used in a legal sense, and not as synonymous with the word "writ" or "summons," which is, at common law, the process to commence the suit, and is the first step taken to bring the party sued before the court, while the declaration or complaint is necessarily the second step, which manifests the cause of action, and sets out a narrative of the case; and this must be true where the practice exists by commencing a suit by petition.   The act does not, in terms, describe the nature or character of the plea or answer to be filed to the "declaration or complaint," manifestly for the reason that the practice in the states of the Union is not uniform.   I must presume that congress was fully advised of the meaning of the words used in the act, and that it is far safer to suppose that it did not intend to require the petition to be filed before the pleadings had been filed stating the nature and character of the suit.   This ought to be, if it is not, the purpose of the act; and it seems to me that any construction of the act which would admit pleas in abatement to be filed (which are ordinarily pleas to the writ) before the declaration or complaint is filed, is not warranted by its express terms, and that they are not such pleas as the act requires to "oppose or answer the declaration or complaint which the defendant is summoned to answer."

It is a universal rule of construction that the courts should endeavor, if possible, to ascertain the intention of the legislative power in passing an act, and, if possible, give effect to that intention, unless the language is so clear that it admits of but one meaning, leaving no room for construction.   When we look to the purpose of congress in enacting this statute, we must conclude that it was only to furnish a national tribunal in which citizens of different states could litigate their rights, removed as far as practicable from local prejudice.   It is almost impossible to believe that it was the intention of the legislative power, in passing this act, to confer upon citizens of different states the right to litigate in the courts of the United States, and yet to so limit the time of removal of cases brought in the courts of the states as to amount almost to a denial to this class of litigants of the right to be heard in the courts of the United States.   If this construction has been given to the act by the supreme court, and is to be followed as a rule of conduct by the inferior courts, it puts it in the power of a litigant in this state to bring his suit on the first rule day of any month, and have a process issued and served on that day on the agent of the defendant, a nonresident corporation; the result being that, before the chief officers and counsel of such defendant have been informed of such proceedings, the rules have been closed, and it is deprived of the right of removal.   Spragins v. Railway Co., 35 W. Va. 139, 13 S. E. 45.   I submit that such could not have been the intention of congress in the passage of this act.   We must presume that congress intended to furnish a right to remove within a reasonable time, and at the same time a remedy to protect the nonresident defendant against local prejudice.   If such was the inten-

tion, surely it would not legislate so as to defeat that object. Looking at this act in that light, it occurs to me that it was not the intention of congress to require that the petition for removal should be filed in the state courts until the defendant was required to make defense upon the merits of the case, and not when he might avail himself of a purely technical defense, such as a plea in abatement, which, with great respect, it seems to me not the character of a plea or answer contemplated in the act. As I understand the rule of pleading, pleas in abatement are always pleas to the writ, except where "the declaration, which is presumed to correspond with the writ, be incorrect, in respect to some extrinsic matter," otherwise "there is no plea to the declaration alone but in bar." Chit. Pl. (16th Am. Ed.) 466. This statement of the law of pleading by Chitty is supported by a great many English and American authorities. Minor, in his Institutes (a very high authority both in Virginia and West Virginia), in volume 4, part 1, page 627, says that: "A plea in abatement is one which shows some ground for abating or quashing the original writ or declaration or both. Such pleas are of two sorts: First, to the disability of the person to sue or be sued; second, to the declaration." It will be observed that pleas to the writ are of a personal nature, technical in their character, while pleas to the declaration are in the nature of pleas to the merits of the action. Minor, in stating the rule as to pleas in abatement to the declaration, says that pleas in abatement may be filed for a variance between the writ and the declaration, for a defect in the declaration, for matter apparent on the face of the writ and declaration, for matter dehors (that is, outside) the writ, for misnomer, for nonjoinder, etc. This class of pleas are of a dilatory character, and are not pleas which go to the merits of the action to defeat it. It would seem that by a strict construction of the act a party who files his petition for removal would be in time when he was first required "to plead to the declaration or complaint," and not to the writ. If, however, the defendant is required to appear at the first rule day after process is served, and a decree nisi taken, then any petition filed after that would be too late; but under our system of pleading the only plea required at that time, if, in fact, it is required before office judgment or decree nisi would be entered, is the plea in abatement. In the case of Hinton v. Ballard, 3 W. Va. 586, the court held that, "a plea in abatement not being a plea to the issue, which can be filed to set aside an office judgment, it follows necessarily that all such pleas must be filed at rules before office judgment is entered, except when the cause making the filing of a plea in abatement necessary occurs after the office judgment entered at rules, in which case it may be filed the first opportunity afterwards." This decision affirms the right of a defendant in this state to file a plea in abatement before "office judgment entered," which must be done not later than the first rule day succeeding after the decree nisi was entered, notifying him that judgment would be entered against him on the succeeding rule day. The effect of this decision is to hold that the plea may be filed at any time before the common order is confirmed. I am aware that in a later case—Simpson v. Edmiston, 23 W. Va. 675, 678—it is claimed that the

court held that the plea must be filed at the first rules, and that the two cases are somewhat conflicting, and that the latter case overrules the first, although it does not say so in express terms. This claim is founded upon the supposed ruling of the court as announced in the first clause of the syllabus, which states that "a plea in abatement to the jurisdiction of the court cannot be filed after a conditional judgment or decree nisi." Upon a careful examination of this case I reach the conclusion that the time when such plea should be filed was not before the court. It was only necessary for the court to determine under the pleadings whether a plea filed to the jurisdiction of the court long "after the bill was taken for confessed" as to the defendant Edmiston was in time. The record shows that the summons in that case was returnable to March rules, and was served upon the defendant Edmiston before the return day, at which time there was a decree nisi, which was confirmed at April rules, but the plea in abatement was not filed until August rules. Upon this state of facts the only question that could arise was whether the plea was filed in time. It was not absolutely necessary for the court to determine at what state of the pleadings the plea must be filed, as no such question was properly before it. Upon the facts, as they appeared in the case, the court held that the plea came too late, and it seems to me that there can be no question as to this conclusion; and that this decision does not conflict with the ruling of the court in the case of Hinton's Adm'r v. Ballard, supra, which decides that plea in abatement may be filed before "office judgment entered." I am therefore of the opinion that the two cases are easily reconciled with each other, and that the rule of law laid down in that case is correct. But in this case, as we have seen, it is not necessary, in disposing of this motion, to decide whether the petition should have been filed at the first rule day, though I am inclined to concur with the learned judge in the case cited supra (70 Fed. 513), and hold that a plea in abatement "is not the sort of plea or answer contemplated in the act of 1888." The motion to remand is refused.