GREGORY v. BOSTON SAFE DEPOSIT & TRUST CO.

(Circuit Court, D. Massachusetts. May 18, 1898.)

No. 948.

REMOVAL OF CAUSES—TIME FOR REMOVAL.
    Under the act of 1887 (24 Stat. 554) it is too late to file a petition for removal after the answer day in the state court has passed.

This was an action commenced in a state court by Charles A. Gregory against the Boston Safe-Deposit & Trust Company, and subsequently removed to this court by the defendant. The case has now been heard on a motion to remand.

Francis A. Brooks, for complainant.
Solomon Lincoln and Thomas H. Talbot, for defendant.

COLT, Circuit Judge. The bill of complaint in this case was filed in the state court on March 22, 1895. By the eighth rule of chancery practice of the state court, a defendant is required to file his answer, plea, or demurrer within one month after the day of appearance, the day of the appearance being the return day of the subpœna. A subpœna was issued in this case returnable at the May rules, 1895, and was duly served on the defendants. The defendants appeared, and answered to the bill, and on July 3, 1895, the plaintiff filed his replication. The bill was subsequently dismissed as to all the defendants except the Boston Safe-Deposit & Trust Company. On April 10, 1897, the plaintiff obtained leave of court to amend his bill of complaint. The petition of the trust company for removal was filed June 14, 1897.

The act of congress of 1887 (24 Stat. 554) provides that any party entitled to remove a suit from a state court into the circuit court of the United States "may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." In construing this statute, the supreme court has repeatedly held that the defendant's right of removal can only be exercised before the time he is required to plead in the state court. In Martin's Adm'r v. Railroad Co., 151 U. S. 673, 687, 14 Sup. Ct. 533, 538, the court, speaking through Mr. Justice Gray, observes:

"Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States."

See, also, Goldey v. Morning News, 156 U. S. 518, 524, 15 Sup. Ct. 559; Railway v. Brow, 164 U. S. 271, 277, 17 Sup. Ct. 126; Manley v. Olney, 32 Fed. 708. Motion to remand is granted.