### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

##### OF

# MASSACHUSETTS.

---

ALFRED A. OLDS & another *vs.* CITY TRUST, SAFE
DEPOSIT AND SURETY COMPANY.

Hampshire.    September 22, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*Action,* Removal to United States Circuit Court.

An answer in abatement denying all jurisdiction over the defendant is an answer
to the declaration within the meaning of U. S. St. 1888, c. 866, § 1, amending
U. S. St. 1887, c. 373, § 3, requiring a petition for the removal of a case to the
Circuit Court of the United States to be filed at or before the time that "the
defendant is required to answer or plead to the declaration or complaint of
the plaintiff."

HOLMES, C. J.    This is an action of contract brought in the
Superior Court in the county of Hampshire.    The writ was re-
turnable on April 1, 1901, and on that day was entered with
the declaration.    On April 5 the defendant appeared specially
and filed an answer in abatement upon which no action has been
taken.    The answer alleged non-residence, that the defendant's
property had not been attached, and that if the defendant could
be sued anywhere in this Commonwealth it was only in the
county of Suffolk.    On May 13 the defendant filed a petition
for removal to the United States court.    The plaintiff asked for

a ruling that the petition was filed too late. This was refused, and the plaintiff excepted.

The statute of the United States authorizes the filing of such a petition "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." U. S. St. 1888, c. 866, § 1, amending U. S. St. 1887, c. 373, § 3. By rule 12 of the Superior Court answers shall be filed within thirty days from the return day, unless the court shall by special order restrict or extend the time, and by rule 11 answers or pleas in abatement shall be filed within the time allowed by law for entering an appearance, which is ten days from the return day. Pub. Sts. c. 167, § 47. The time for filing the kind of answer that the defendant elected to file had gone by and the filing of any other was not a matter of right, except in the very unlikely event of this one being overruled on demurrer. Pub. Sts. c. 167, § 14.

We are of opinion that the petition for removal was filed too late. It is true that the statute speaks of the time for answering or pleading to the declaration or complaint, and that a difficulty has been thought to arise in the case of some pleas on the ground that they are pleas to the writ. *Lockhart* v. *Memphis & L. Railroad*, 38 Fed. Rep. 274, 278. But it seems plain that the Supreme Court of the United States will at least cut down such a difficulty as far as possible, if not override it altogether. We have little doubt that an answer denying all jurisdiction over the defendant will be regarded as an answer to the declaration within the meaning of the United States act. *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S. 673, 686, 687. *Powers* v. *Chesapeake & Ohio Railroad*, 169 U. S. 92, 98.

*Exceptions sustained.*

*J. B. O'Donnell*, for the plaintiff.
*W. G. Bassett*, for the defendant.