OLDS et al. v. CITY TRUST, SAFE DEPOSIT & SURETY CO. OF PHILADELPHIA.

(Circuit Court, D. Massachusetts.  April 25, 1902.)

No. 1,197.

REMOVAL OF CAUSES — TIME FOR FILING PETITION—PLEA TO JURISDICTION—EFFECT.

> The time within which a petition for the removal of a cause from a state to a federal court may be filed is not extended by the filing of a plea to the jurisdiction of the state court.

John B. O'Donnell, for plaintiffs.
William G. Bassett, for defendant.

LOWELL, District Judge.  The plaintiff is a citizen of Connecticut.  The defendant is an insurance company incorporated under the laws of Pennsylvania, and it has created the insurance commissioner of Massachusetts its agent to accept service of process, as required by Pub. St. Mass. c. 119, § 202.  The plaintiff sued the defendant in the superior court for Hampshire county on a writ which set out that the defendant had its usual place of business in that county.  The writ was entered April 1st.  On April 5th the defendant appeared specially and pleaded in abatement that "the plaintiffs are nonresident, and defendant neither lives nor has a place of business in said county of Hampshire; that no property of defendant has been attached; and that, if defendant can be held to answer plaintiffs in an action in this commonwealth,—which it does not admit, but denies,—it is in the county of Suffolk, and not elsewhere."  On May 13th the defendant filed a petition for removal to this court, which petition was allowed, and the case was duly entered here.  Exceptions were taken by the plaintiff to the order of removal made by the superior court, which exceptions were argued before the supreme court of Massachusetts, and by it were sustained.  Olds v. Surety Co., 61 N. E. 223.  The plaintiff has now filed a petition in this court to remand the case to the superior court.  The argument in this court is not precisely that addressed to the supreme court of the commonwealth.  The defendant now admits that the petition for removal was filed too late, unless the fact set up in its answer in abatement, viz., that no proper service was made upon it, extended the time for filing the petition for removal.  Defendant's contention is now substantially this:  No sufficient service was ever made upon it, because it was not suable in Hampshire county; hence the time within which it was required to answer or plead never began to run, and consequently had not expired when its petition for removal was filed.  If the defendant's contention is correct, it could have filed a valid petition for removal at any time during the progress of the suit, or even after judgment.  The defendant thus contends that, in order to determine if this action has been properly removed to this court, this court must first hear and determine the plea in abatement.  If the plea is sustained, the case has been properly removed, because in that case the time within which the

defendant was required to answer in the state court never began to run. If, on the other hand, the plea in abatement is overruled, and the service is held sufficient, it follows that the action must be remanded to the state court, because, in that event, this court will have determined that the defendant was properly served, and that its time to answer or plead began to run at the time the writ was entered. Moreover, it would seem to follow, under the defendant's contention, that it could await a decision by the state court on the plea in abatement, and accept the decision, if that was favorable, but remove the case to this court if the decision was unfavorable. This cannot be. The defendant is entitled, by a seasonable removal, to take the decision of this court on its plea in abatement, but the fact that its plea is to the jurisdiction does not enable it to experiment with the state court first and with the federal court afterwards.

The defendant's contention is supposed to be supported by the case of Tortat v. Manufacturing Co. (C. C.) 111 Fed. 426. Without admitting that the defendant is right in supposing that the case just cited supports its contention, this court is of opinion, after consideration of that case, that the contention is inadmissible. The case of Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, decided that a defendant, by filing a petition for removal did not bar himself from setting up in the circuit court, after removal, an original want of jurisdiction in the state court. That case did not decide that the time for filing the petition for removal was indefinitely extended by a plea to the jurisdiction.

For these reasons, and without attempting to pass upon numerous other difficulties which beset the defendant's contention here, the case must be remanded to the state court.