### FIDELITY & CASUALTY CO. v. HUBBARD.

(Circuit Court, W. D. Virginia. October 3, 1902.)

1. UNITED STATES COURTS—REMOVAL OF CAUSE—PETITION—TIME FOR FILING.

24 Stat. 554, and 25 Stat. 435, regulating the removal of causes from state to federal courts, declares that a person may file the petition to remove in the state court at the time or at any time before the defendant is required by the laws of the state or rules of the state court to answer or plead to the declaration. Code Va. 1887, §§ 3260, 3284, provide that no plea in abatement can be filed after the defendant has demurred, pleaded in bar, or answered to the declaration or bill, nor after a decree nisi or conditional judgment has been entered at rules. Held, that the removal statute required the petition to be filed at or before the time when the defendant is required to file a pleading of any character, and, where the petition was not filed until after a judgment nisi had been entered at rules for want of an appearance, it was too late.

Green, Withers & Green, for complainant.
Peatross & Harris, for defendant Hubbard.

McDOWELL, District Judge. On a petition praying that R. M. Hubbard be enjoined from proceeding with an action at law against the Fidelity & Casualty Company in the corporation court of Danville, Va. It appears that on May 9, 1902, R. M. Hubbard, a citizen of Virginia, sued out from the office of the clerk of the corporation court of Danville a summons requiring the company, a citizen of New York, to appear at first June rules, 1902, and answer a declaration in trespass on the case, the damages being laid at $4,000. The summons was served in due time. At first June rules the declaration was filed, and the common order was entered. At second June rules the common order was confirmed and writ of inquiry ordered, as the company had failed to appear. The first term of the court at which a defense on the merits could be made commenced on July 7, 1902. On that day the company filed its petition for removal to this court on the ground of diverse citizenship, which is in due form. On the ground that the petition was offered too late, the corporation court refused to accept it. The time for filing the petition and bond under the act of 1875 (18 Stat. 471) was "before or at the term at which said cause could be first tried and before the trial thereof." The language of the act of 1887 (24 Stat. 554) and of the act of 1888 (25 Stat. 435) is as follows:

"* * * may * * * file a petition in such suit in such state court at the time or at any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff. * * * It shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit. * * *"

Under the Virginia statute (Code 1887, §§ 3287, 3288) the office judgment in common-law causes does not become final until the last (or fifteenth) day of the next following term. And prior to such day of the term the defendant can interpose a plea to the merits. The filing of such plea sets aside the office judgment. In chancery causes the decree nisi is taken on the return day of the writ, and at the next rule day the decree pro confesso is taken (Code 1887, § 3284), but by section 3275 answer may be filed at any time before final decree.

The question to be decided turns on the proper construction of the act of congress of August 13, 1888 (25 Stat. 435). Does the language of the act refer to the time when a pleading to the merits is required to be filed, or to the time when dilatory pleas are required to be filed? If this question could be treated as an open one, there are reasons, aside from the very short time given a defendant to prepare and file removal papers, which lend force to the argument that the former is the true construction of the act. The act of 1875 clearly allowed the petition for removal to be filed at the trial term. If congress, in enacting the statute of 1887, and in correcting it by the statute of 1888, had intended to make a radical change in the removal practice, it seems that it would have plainly indicated such an intent. Yet the language in the later statutes is susceptible, and easily susceptible, of being construed to mean that the time for filing the petition and bond is the time when pleadings in bar must be filed. Again, the statute requires that the petition and bond are to

be presented in the state court, not in the clerk's office, and not before the judge thereof. Under the Virginia practice (and I think this is true in many of the states) the time for filing dilatory pleas is during the vacation of the court, and the place is the clerk's office. Congress might be presumed to have known this, and, if it had been the intention that the petition for removal must be filed at the time that dilatory pleas are due, it would seem to be fairly argued that provision would have been made for offering the petition and bond to the judge of the state court in vacation, or for filing them in the clerk's office. It is not conclusive against this argument that the intent was that the federal court should be the one to pass on the validity of dilatory pleas as well as of pleas in bar. Under the construction requiring the petition and bond to be filed at or before the time when pleas in bar are due, the defendant, by filing the removal papers on the return day of the writ, could secure a hearing in the federal court on his dilatory pleas. And by failing to file his petition until term time it is difficult to find in the statute any intent that he should thereby lose the right to have the federal court try the cause on its merits. However, there are dilatory pleas that are technically known "pleas to the declaration." For instance, for variance between writ and declaration. 4 Minor, Inst. (3d Ed.) pt. 1, p. 754. Hence it is clear that the statute is capable of being construed as meaning the time when the earliest pleading of any kind is due. But the question is not, as I think, open to construction by a subordinate federal court. In Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311, which went up from West Virginia, the facts were the same as in the case at bar. The defendant did not appear or plead on the return day of the writ, nor at the next rules, but at the next term of court—not having filed any pleadings— it presented its petition for removal and bond. The court held that the defendant was not a citizen of West Virginia, that its petition for removal was filed too late, and that, as no objection to the removal had been made in the lower courts, this objection had been waived. The language of the opinion is in part as follows:

"It was therefore filed at or before the time at which the defendant was required by the laws of the state to answer or plead to the merits of the case, but after the time at which he was required to plead to the jurisdiction of the court, or in abatement of the writ. Was this a compliance with the provision of the act of congress of 1887, which defines the time of filing a petition for removal in the state court? We are of opinion that it was not, for more than one reason. This provision allows the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint.' These words make no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, whether in matter of law by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court, or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on Pleading, to 'oppose or answer' the declaration or complaint which the defendant is summoned to meet. Steph. Pl. (1st Am. Ed.) 60, 62, 63, 70, 71, 239; Lawes, Pl. 36. The judiciary act of September 24, 1789 (chapter 20, § 12), required a petition for removal of a case from a state court into the circuit court of the United States to be filed by the defendant 'at the time of entering his appearance in such state court.' 1 Stat. 79. The recent acts of congress

have tended more and more to contract the jurisdiction of the courts of the United States, which had been enlarged by intermediate acts, and to restrict it more nearly within the limits of the earliest statute. * * * Construing the provision now in question, having regard to the natural meaning of its language and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States."

In Mahoney v. Association (C. C.) 70 Fed. 513, Judge Simonton, holding the above opinion to be obiter, ruled that the petition and bond may be seasonably filed at the rule day next succeeding the return day of the writ. And the reasoning in the opinion covers the facts in the case at bar.

In Wilson v. Railroad Co. (C. C.) 82 Fed. 15, the subpœna was issued and served in October, returnable to November rules. At the November rules the bill was filed, but the decree nisi was not taken. At December rules the defendant filed its petition for removal. Judge Jackson, also holding the opinion in Martin's Adm'r v. Railroad Co. to be obiter, held that the petition was filed in due time; reasoning that the time intended by the removal statute is the time when pleas to the merits must be filed. This ruling was affirmed by the circuit court of appeals. 41 C. C. A. 215, 99 Fed. 642. But apparently this point was not pressed on argument before the court, and does not appear to have had the full attention of the court.

If the supreme court had left the question here, I should feel at liberty to regard the opinion in Martin's Adm'r v. Railroad Co. as a dictum, because not necessary to the decision of that case, and to hold that the petition for removal can be filed at the term of court when pleas in bar are first due. But the supreme court has rendered at least three subsequent opinions which cannot be disregarded. They are Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; and Powers v. Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673.

In Goldey v. Morning News, the opinion reads in part:

"It has been held by this court, upon full consideration, that the provision of this act * * * requires the petition to be there filed at or before the time when the defendant is * * * required to file any kind of plea or answer, whether * * * in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, * * * because as this court said * * * 'the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States.' Martin's Adm'r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311."

In Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, this part of the opinion in Martin's Adm'r v. Railroad Co. is again quoted. And in Powers v. Railway Co., 169 U. S. 98, 18 Sup. Ct. 266, 42 L. Ed. 673, it is said:

"Undoubtedly, when the case, as stated in the plaintiff's declaration, is a removable one, the defendant should file his petition for removal at or before the time when he is required by the law or practice of the state to make any defense whatever in its courts."

The reason that inferior courts are not bound by obiter dicta of the superior courts is that expressions of opinion thrown off by the way are presumably not deliberate and settled conclusions, such as are intended to control in future cases. But the above-quoted opinion in Martin's Adm'r v. Railroad Co. cannot now be regarded as a dictum. It was rendered "upon full consideration" by an undivided court, and has ever since been treated by the supreme court as its final and conclusive construction of the removal statute of 1888. See, also, Fidelity Trust & Safety Vault Co. v. Newport News & M. V. Co. (C. C.) 70 Fed. 407; First Littleton Bridge Corp. v. Connecticut River Lumber Co. (C. C.) 71 Fed. 225; Collins v. Stott (C. C.) 76 Fed. 613; Frink v. Blackinton (C. C.) 80 Fed. 306; 18 Enc. Pl. & Prac. 288.

In this state no plea in abatement can be filed after the defendant has demurred, pleaded in bar or answered to the declaration or bill, nor after a decree nisi or conditional judgment at rules. Code 1887, § 3260; Acts 1897–98, p. 198. By section 3284 of the Code of 1887, the decree nisi or conditional judgment is taken, if the defendant has not appeared, and if the bill or declaration has been filed, on the return day of the writ, if then executed. In the case at bar the writ was duly executed and returned to first June rules, and at that time the declaration was filed. The defendant did not then enter an appearance. Consequently the time when a plea in abatement was due was the first June rules. At this time the petition for removal and bond must have been filed. It follows that this cause is properly pending in the corporation court of Danville, and that the injunction must be refused.

In this case no bond was filed at the time the petition was offered. It is, of course, unnecessary to consider the bearing this fact may have, or the reasons alleged in excuse for the failure to comply with this provision of the removal act. Nor have I considered the propriety of issuing an injunction where the removal papers have been properly filed.