FRIEDA L. ELMS *vs*. REBECCA RIGGS CRANE.

Knox.    Opinion January 21, 1919.

*Rule as to time of filing motion for removal of action on account of diversity of citizenship.*

Upon a petition for removal of the cause to the Federal Court, where the time for filing a plea in abatement has gone by, *Held:*

(1)  That under the interpretation of the Removal Act, Chap. 373, Federal Statutes, 1887, as amended by Chap. 866 of Federal Statutes, 1888, by the Federal Courts, the petition for removal must be filed as soon as the defendant is required to make any defense whatever in the State Court, whether by plea in abatement or to the merits.

(2)  *Craven* v. *Turner*, 82 Maine, 383, having been decided prior to the decisions in the United States Supreme Court interpreting this Act must be regarded as overruled.

Action for libel, entered at January term, Supreme Judicial Court, 1918, Knox County.  The plaintiff is described in the writ as of Camden, Knox County, State of Maine, and the defendant as of New York, State of New York.  At September term, 1918, defendant filed motion to remove said action to the United States District Court upon the grounds of diverse citizenship.  Motion was overruled by presiding Justice, to which ruling exceptions were filed.  Exceptions overruled.

Case stated in opinion.

*Charles T. Smalley*, for plaintiff.

*A. S. Littlefield*, for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

WILSON, J.  This is an action on the case for libel and was entered at the January term, 1918, in Knox County.  No pleadings of any kind have been filed in the case.  The time under our practice for filing pleas in abatement and other dilatory pleas has gone by, but the

defendant, unless ordered to do so by the court, is not required to plead to the merits until the case is ready for trial. At the September term, 1918, the defendant presented a petition accompanied by a proper bond asking that the case be removed to the United States District Court on the ground of diverse citizenship. All the facts necessary to warrant a removal of the cause to the Federal Court are admitted to exist, if the petition for removal was seasonably filed. The presiding Justice refused to grant the petition on the ground that it was not seasonably filed, to which ruling the defendant excepted. The case is now before this court on the defendant's bill of exceptions.

We must sustain the ruling of the presiding Justice. Some confusion has arisen in the past as to the correct interpretation of the Federal Statute authorizing the removal of causes from the State courts as to the time when the petition for removal must be filed, through diverse rulings in the Federal Circuit and Supreme Courts.

As to which of the Federal Courts the merit of the reasoning belongs, it is not necessary to consider. The Federal Statute of 1887, Chap. 373 as amended by Chap. 866 of the statutes of 1888 provides in terms that the petition for removal must be filed at or before the time when the defendant is required by the laws of the State or the rules of the State Court in which suit is brought to answer or plead to the declaration or complaint of the plaintiff.

The earlier decisions of the Federal. Circuit Courts as found in *Gavin* v. *Vance*, 33 Fed., 84; *McKeen* v. *Ives*, 35 Fed., 801; *Tenn. Coal., etc.,* v. *Waller,* 37 Fed., 545; *Lockhart* v. *Memphis & L. R. R. Co.,* 38 Fed., 274; held that pleas in abatement and other special pleas, which do not reach the merits, were not pleas or answers to the declaration or complaint within the meaning of the Act. It was in this stage of Judicial interpretation of the Act that the case of *Craven* v. *Turner,* 82 Maine, 383 was decided and followed the rulings of the Circuit Courts in the above cases.

In the case of *Martins, Admr.,* v. *Baltimore & Ohio R. R.,* 151 U. S., 673, 684, the United States Supreme Court first indicated its construction of this Act and declared it to mean that the petition for removal must be filed as soon as the defendant was required to make any defense whatever in the State Court, whether by plea in abatement, or to the merits.

The Circuit Court in the Fourth Circuit refused to accept this decision as final on the ground that the point was not involved in the

case and its decision was not necessary to the determination of the cause, and was therefore *dicta* and not binding; and further was not in accord with the plain meaning of the language of the Act. *Mahoney* v. *New South Building and Loan Association,* 70 Fed., 513; *Wilson* v. *Winchester & P. R. Co., et al.,* 82 Fed., 15.

The Supreme Court, however, in three later decisions: *Goldey* v. *Morning News Co.,* 156 U. S., 518; *Railway* v. *Brow,* 164 U. S., 271 and *Powers* v. *Railways Co.,* 169 U. S., 98, adhered to its interpretation as laid down in *Martins, Admr.,* v. *Baltimore & Ohio R. R. Co.,* supra.

The interpretation by the Supreme Court of this Act in the last named case has never been questioned in this Circuit or the Second Circuit, see *Collins* v. *Stott,* 76 Fed., 613; *Gregory* v. *Boston Safe Deposit & Trust Co.,* 88 Fed., 3; *Head* v. *Selleck,* 110 Fed., 786; *Olds et als.* v. *City Trust Safe Deposit & Surety Co.,* 180 Mass., 1; *Olds et als.* v. *City Trust Safe Deposit & Surety Co.,* 114 Fed., 975, and now appears to be generally recognized by the Circuit Courts.

In the case of *Fidelity and Casualty Co.* v. *Hubbard,* 117 Fed., 949, the Fourth Circuit Court revised its opinion as expressed in the 70 Fed., 513, and 82 Fed., 15, and held that the view of the Supreme Court as laid down in the 151 U. S., 673, having been rendered " 'upon full consideration' and by an undivided court," and having been three times subsequently affirmed by that court must now be considered as "its final and conclusive construction of the removal statute of 1888."

It has also been recognized as conclusive in the later cases of *Atlanta K. & N. Rwy.* v. *Southern Rwy. Co.,* 131 Fed., 657, 660, in *Heller* v. *Ilwaco Mill & Lumber Co.,* 178 Fed., 111, and in *Indiana, Pennsylvania Co.* v. *Leeman,* 160 Ind., 16, 21. We do not find the rule to be now anywhere questioned: that the defendant should file his petition for removal at or before the time when he is required by law or practice of the State to make any defense whatever in its courts, whether by plea in abatement, or other form of dilatory plea, or to the merits, and in our State must be filed on or before the second day of the term at law, and within the time the defendant is required to file any pleadings whatever in equity.

*Exceptions overruled.*