FRED B. PETERSON and Another, Plaintiffs, *v.* HECHT, LEVIS & KAHN, LIMITED, and Others, Defendants.

Supreme Court, New York County, January 28, 1930.

*S. John Block,* for the plaintiffs.

*Charles Paul Brown,* for the defendants.

CHURCHILL, J. Certain of the defendants present a petition for removal of the action to the Federal court of this district. The application is resisted on the ground that it is made too late. It is shown that the summons and complaint were served on November 7, 1929. On November 23, 1929, these defendants, appearing specially, moved to set aside the service on the ground that this court had not acquired jurisdiction of their persons. That motion is still pending and undetermined. On January 16, 1930, the petition for removal was presented. The question is whether it is timely under the provisions of section 29 of the Judicial Code of the United States (U. S. Code, tit. 28, chap. 3, § 72; 36 U. S. Stat. at Large, 1095) which requires its presentation " at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint."

The time allowed by our statute in which to answer has long since expired. But, it is said, if this court acquired no jurisdiction over defendants by the service of process their time to plead cannot properly be said to have expired since it was unnecessary for them to plead at all.

It seems to me that two answers to this contention may be given: *First,* on principle, in order to justify removal the petitioner must show that the case is within the Federal statute. He must, therefore, show that the petition is timely. In the present case it is, *prima facie,* too late. In order to show that it was not too late it would be necessary to show that jurisdiction over the defendants had not been acquired. But when that was shown, it would, *ipso facto,* appear that there was no cause to be removed. The question of jurisdiction should either be submitted to the State court on a special motion, as has been done here, or, following a timely removal, should be raised in the Federal court. (*Wabash Western Railway Co.* v. *Brow,* 164 U. S. 271, 277.) *Second,* while the authorities in the Federal courts of original jurisdiction are conflicting (*Olds* v. *City Trust Co.,* 114 Fed. 975; *Bramwell* v. *Owen,* 276 id. 36), I think the Supreme Court of the United States has plainly indicated what the proper construction of the statute should be. In *Powers* v. *Chesapeake, etc., R. R. Co.* (169 U. S. 92) that court, referring to the provision of the Federal statute quoted above, says (at p. 100): " This provision clearly manifests the intention of Congress that

the petition for removal should be filed at the earliest possible opportunity." And again (at p. 101): "A petition, for removal when presented to the state court, becomes part of the record of that court, and must doubtless show, taken in connection with the other matters on that record, the jurisdictional facts upon which the right of removal depends; because, if those facts are not made to appear upon the record of that court, it is not bound or authorized to surrender its jurisdiction." So, in *Wabash Western Railway Co.* v. *Brow* (164 U. S. 277) it was held that the petition must be filed as soon as defendant is required to make any defense and that want of jurisdiction of the person is such a defense.

It seems plain, therefore, that under the authorities last cited a defendant who is entitled to remove the cause and who wishes to contest the jurisdiction of the State court over his person, may do so either in the State court or in the Federal court, but that if he elects to submit the question to the Federal court he must petition for removal of the cause within twenty days after service of the complaint.

The petition for removal will accordingly be denied.