**CONNOR v. REAL TITLE CORPORA-
TION et al.**

No. 5656.

Circuit Court of Appeals, Fourth Circuit.

Dec. 22, 1947.

Thomas R. Connor, pro se.

Caldwell C. Kendrick, of Arlington, Va. (Armistead L. Boothe, of Alexandria, Va., on the brief), for appellees.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

This civil action was instituted by the appellant, Connor, against The Fern Development Corporation, (hereinafter called Fern), Real Title Corporation and Walter T. McCarthy, defendants, in the United

States District Court for the Eastern District of Virginia. Upon motions for summary judgment by all defendants, the District Judge entered an order dismissing the complaint, and plaintiff has taken this appeal.

In the Fall of 1940 the plaintiff and his wife entered into two contracts with the defendant Fern for the purchase of two parcels of improved real estate from Fern. The deeds to the property were deposited with the defendant Real Title Corporation which had been employed to examine the titles and were to be delivered to the plaintiff upon the fulfillment of the sales contracts. The delivery of the deeds never took place because of a dispute between the plaintiff and Fern over the terms of the contracts. This disagreement culminated in the bringing of an action by Fern against the plaintiff and his wife for specific performance of the two contracts.

This chancery suit was instituted on January 30, 1941, in the Circuit Court of Arlington County, Virginia, before Judge Walter T. McCarthy, the third defendant herein. On February 8, 1941, the plaintiff and his wife filed a special appearance in which they requested removal of the cause to the proper federal district court, but the removal petition and bond were not filed until February 24, 1941.

The bill of complaint in this action in the state court was made returnable to the First February, 1941, Rules held on Monday, February 3, 1941. Because the third Monday of the month was the date of the commencement of the regular term of the circuit court, the Second February Rules were accelerated to fall on Monday, February 10, 1941. Virginia Code § 6074 (Michie, 1942.) On the basis of § 6105 of the Code (Michie, 1942) which states that no plea in abatement shall be received "after the rules next succeeding the rules at which the declaration or bill is filed," the Circuit Court of Arlington County denied the petition for removal on the ground that it had been filed too late.

Thereafter Connor and his wife, while still objecting to the jurisdiction of the state court, filed an "Involuntary Answer" and after final judgment against them in the state court, the property was sold by a commissioner under decree of the court. At the sale Fern bid in the property, applied the purchase price to the amounts due from Connor and his wife under their contracts, and secured a deficiency judgment for the remainder. Conner petitioned the Supreme Court of Appeals of Virginia for an appeal but this petition was denied by an order entered on October 13, 1941, and his motion for re-hearing was likewise denied by that Court on November 19, 1941.

In the instant action in the United States District Court, Connor, denying the jurisdiction of the Circuit Court of Arlington County in the former action, asks specific performance of the two contracts of sale and the delivery of the deeds to him. He further alleges that he was prevented from collecting rentals from the properties in question by a conspiracy between the three defendants, and he seeks damages from Judge McCarthy for false imprisonment. In the event of denial of specific performance he requests a money judgment against Fern and the Real Title Corporation.

■ The issue as to specific performance or damages in lieu thereof is the same as that decided adversely to the plaintiff in the chancery suit in the Circuit Court of Arlington County. Hence this question is now res adjudicata as to him. The plaintiff, however, contends that the state court was without jurisdiction over that cause because of its improper denial of his removal petition, and that the decree of the state court is therefore void.

■ We, however, are of the opinion that the petition for removal was properly denied because it was filed too late. § 29 of the Judicial Code, 28 U.S.C.A. § 72, prescribes that the petition be filed at or before the time when the defendant is required by state law or rule of court to answer or plead to the declaration or complaint. With reference to states which prescribe a shorter time for the filing of pleas in abatement than for pleas to the merits, it is stated in Dobie on Federal Procedure at pages 429, 430:

"An interesting question then arises, in these states, when the removal petition is filed in the state court after the lapse of the time for filing pleas in abatement, but be-

fore the expiration of the period within which pleas to the merits may be filed.

"This point was discussed in the leading case of Martin v. Baltimore & Ohio Railroad Co., 151 U.S. 673 [14 S.Ct. 533, 38 L. Ed. 311]. The decision there reached was that the removal petition was filed too late. The court held that, inasmuch as the language of the federal statute makes no distinction between different kinds of answers or pleas, 'Congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the Circuit Court of the United States.'

"The importance of the decision was immediately recognized, and it provoked elaborate discussions in the Fourth circuit, in which the case arose. Inasmuch as a ruling on the point in question was not necessary for the decision of the Martin case, Judge Simonton, in Mahoney v. New South Building & Loan Association [C.C.], 70 F. 513, held that the ruling was purely obiter, and promptly refused to follow it. Judge Jackson, in Wilson v. Winchester & Potomac R. Co. [C.C.], 82 F. 15, (affirmed by the Circuit Court of Appeals for the Fourth Circuit, 99 F. 642), also followed the Mahoney case. But Judge McDowell, in a well-considered opinion (Fidelity & Cas. Co. [of New York] v. Hubbard [C.C.], 117 F. 949), pointed out that the Martin case (on the point in question) had been repeatedly affirmed by the United States Supreme Court in subsequent cases; so he felt bound to follow the decision. But, in his opinion, Judge McDowell indicated that, had the question been an open one, he might have reached a contrary decision.

"It is believed that the rule established by the Martin Case is sound. In addition to the reasons advanced by the court, it might be pointed out that the removal petition, in that it presents no defense, leaves the merits untouched, and simply seeks to have the case tried by a different tribunal, is quite in the nature of a plea in abatement, and so should be filed within the time required by the state statute for such pleas."

■ This line of reasoning was approved and followed by the Supreme Court of Appeals of Virginia in Maryland Casualty Co. v. Clintwood Bank, 155 Va. 181, 154 S.E. 492. See also Bolling v. Merchants & Business Men's Mutual Fire Ins. Co., D.C. W.D.Va.1941, 39 F.Supp. 625. And it is well settled that the state court is not required to relinquish its jurisdiction in favor of the federal court unless the record of the case on its face shows a removable cause. In re Removal Cases, 100 U.S. 457, 25 L.Ed. 593; Stone v. State of South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962.

■ Connor, moreover, did not follow the proper procedure when his petition for removal was denied by the state court. He could have applied to the United States District Court, to which the cause was removable, for a writ of certiorari commanding the state court to send up the records therein and notifying the state court that the cause had been removed. 28 U.S.C.A. § 82; Chesapeake & Ohio Ry. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765; Ammond v. Pennsylvania R. Co., 6 Cir., 125 F.2d 747. Or he could have saved an exception to the ruling of the state court, had this order reviewed by the highest state appellate court, and from an adverse decision he could have applied to the Supreme Court of the United States for certiorari. Metropolitan Cas. Ins. Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed 1044; Baltimore & Ohio R. Co. v. Koontz, 104 U. S. 5, 26 L.Ed. 643. Connor neglected to pursue either of these two courses and it is now too late to raise the question in the instant case.

■ The plaintiff, Connor, also alleged in the District Court that he was entitled to recover damages for false imprisonment from Judge Walter T. McCarthy. This contention was based upon a contempt rule issued by Judge McCarthy against Connor during the course of the proceedings in the Circuit Court of Arlington County. A trial was had on this charge before another judge, the Honorable Frank T. Sutton; Connor was found guilty of contempt in publishing false, defamatory and contemptuous statements about the Honorable Walter T. McCarthy and was fined $50 and

given a three day jail sentence. The acts of Judge McCarthy were clearly committed in his official capacity as judge of the Circuit Court of Arlington County, and as was stated by the Supreme Court of Appeals of Virginia in Berry v. Smith, 148 Va. 424, at page 426, 139 S.E. 252, at page 253, 55 A.L.R. 279: "It is a well-established principle of the law that judicial officers, acting within their jurisdiction, are exempt from liability in civil actions for their official acts, although such acts are alleged to have been done maliciously and corruptly."

This is an ancient doctrine which stems back to the early common law in England, and it has been uniformly followed in this country. Randall v. Brigham, 7 Wall. 523, 19 L.Ed. 285. See annotations in 13 A. L.R. 1344 and 55 A.L.R. 282. It seems fitting, moreover, to include the following conclusion of the District Judge below: "The entire record in this action convinces me that Judge McCarthy acted throughout this litigation with the strictest propriety."

The plaintiff further avers "a vicious conspiracy and collaboration" between the three defendants to prevent his collection of rentals; however no factual allegation is made in support therof. This allegation is much too vague and general and must fall, since it is unsubstantiated by any facts disclosed in the pleadings. See Federal Rules of Civil Procedure, rule 9(b), 28 U.S.C.A. following section 723c. But even if there had been any warrant for an action for conspiracy, it would have been a general tort action and therefore would now be barred by the Virginia one-year statute of limitations. Virginia Code § 5818 (Michie, 1942.)

Our decision in the instant case, holding that the petition and bond for removal were filed too late, must be taken as overruling the cases of Mahoney v. New South Building & Loan Association, C.C., 70 F. 513; Wilson v. Winchester & Potomac Railway Co., C.C., 82 F. 15; Id., 4 Cir., 99 F. 642.

The judgment of the District Court is affirmed.

Affirmed.