SPANGLER *v.* ATCHISON, T. & S. F. R. Co. *et al.*

(*Circuit Court, W. D. Missouri, W. D.* May 5, 1890.)

1. REMOVAL OF CAUSES—TIME OF APPLICATION.

Act Cong. Aug. 13, 1888, § 3, (25 U. S. St. at Large, 435,) provides that a petition for removal must be filed at or before the time the defendant is required to plead "by the laws of the state, or the rules of the state court." Rev. St. Mo. § 3514, requires the defendant to plead on or before the third day of the term, "unless longer time be granted by the court." *Held,* that such a petition could not be filed after the third day of the term, though the defendant's time for answering had been extended by order of court, since such an order is not a rule of court, within the meaning of said act.

2. SAME—SEPARABLE CONTROVERSY.

An action for a tort against two railroad companies,—one a lessor and the other a lessee,—being joint and several, may be removed by one of the defendants on the ground of non-residence, though the other defendant is a resident of the same state as the plaintiff.

At Law. On motion to remand.

*Davis & Snyder, J. M. Crockett,* and *Hawley & Snell,* for plaintiff.

*Lathrop, Smith & Morrow,* for defendant.

PHILIPS, J. This action was brought in the circuit court of Jackson county, Mo., returnable to the October term, 1889. Under the state statute (section 3514) the defendants were required to answer by the 16th day of October, 1889, which was the third day of the term. On the first day of the term the defendant the Atchison, Topeka & Santa Fe Railroad Company appeared, and, by an *ex parte* order of the court, the time for answering was extended to the 1st day of November following. On the 30th day of October the defendant filed answer, and presented petition and bond for a removal to this court, which order was then made. Plaintiff files her motion to remand on two grounds: *First,* that the petition for removal was not presented in time; and, *second,* because the action is against two defendants, one of whom is a resident of the state and district with the plaintiff, and the cause of action is not severable.

The defendant the Atchison, Topeka & Santa Fe Railroad Company bases its right of removal, at the time it was made, on the following sections of the state and federal statutes: "In all counties having over forty thousand inhabitants, every defendant who shall be summoned or notified according to law shall demur to or answer the petition on or before the third day of the term at which he is bound to answer, unless longer time be granted by the court," etc. Section 3514, Rev. St. Mo. Section 3 of the act of March 3, 1887, as amended August 13, 1888, (25 U. S. St. at Large, 435,) declares that such petition for removal must be filed "at the time, or any time before, the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff." It is conceded by counsel for defendant, as it must be, that, but for the order of the court extending the time for answering, the application for removal came too late on the 30th of October, as that was not the

time fixed by the state statute for filing such answer. But his contention is that the language of the state statute, "unless longer time be granted by the court," brings the case within the language and terms of the act of congress, "or the rule of the state court in which such suit is brought." I have examined all the decisions in the various circuits bearing upon this mooted question, and have reached, after some hesitation, the same conclusion as that of Judge SAWYER in *Dixon* v. *Telegraph Co.*, 38 Fed. Rep. 377, and *Austin* v. *Gagan*, 39 Fep. Rep. 626, and that of Judge JENKINS in *Velie* v. *Indemnity Co.*, 40 Fed. Rep. 545. The reasoning of the latter case is quite unanswerable, when it is read in connection with rulings of the supreme court under the act of 1875, which permitted the filing of the petition for removal at any time during the term. The supreme court held the plain meaning of the act of 1875 to be the term at which the action could first be tried or was at issue, provided the parties filed their pleadings at the time appointed by law. It made no difference whether the parties were ready for trial or not. Neither the extension of time by order of the court, nor consent of parties, could prolong the time for removal beyond the term of court. *Car Co.* v. *Speck*, 113 U. S. 86, 87, 5 Sup. Ct. Rep. 374; *Gregory* v. *Hartley*, 113 U. S. 742, 5 Sup. Ct. Rep. 743. The change made in the act by that of 1887 was to require the application for removal to be made "at the time" the defendant is required by the statute law of the state or rule of court to file his answer. But "rule of court" was not intended by congress, in my opinion, to apply to such a provision as that found in the Missouri statute, "unless longer time be granted by the court." It clearly has reference to the practice in those states where no time is fixed by the statute for answering, but under the law the court, by rule, prescribes the time, which is the case in some of the states. A "rule of court" means uniformity,—a regulation in practice applying alike to all suitors, established and fixed, as much so as a statute itself, and known to all litigants and attorneys. This was the idea entertained by the supreme court under the act of 1875, as indicated by the opinion in *Car Co.* v. *Speck*, 113 U. S. 84–86, 5 Sup. Ct. Rep. 376: "That term in which, according to the rules of procedure of the court, whether they be statutory, or rules of the court's adoption." So Judge SAWYER in *Austin* v. *Gagan*, *supra*, says the party must "file his petition at or before the time when his pleading is first due under the law, or rules as they exist when service of summons is made." When the summons was served on the defendant in this case, there was no rule of court prescribing the time in which its answer was to be filed. It had no right to suppose the court would extend the time beyond the statutory period of three days. If the time of removal can be made to depend upon the action, capricious or otherwise, of the state judge, in extending it for a month or six months, there would be no uniformity, no certainty, in the law of removal. It would in the state court, in the same jurisdiction, be one time for one defendant, and another time for another defendant, wholly dependent upon the discretion or humor of the court at the return-term. The evident policy of congress in this enactment was to

make certain, fixed, and definite the time of such removal, and to hasten trials, and not permit hurtful delays by removals. Recognizing the fact, as the lawyers of the committee who framed the law did, that in some of the states the time for pleading by defendants summoned to court was wholly regulated by positive rule of the court, in the absence of a stated statutory time, they employed the term, "or rule of the state court." The construction of this act which I have followed tends to make the time of such applications definite, uniform, and equal to all defendants, and, in my opinion, effectuates and carries out the policy of the law.

As to the second ground of the motion to remand, it is to be observed that the action is for a tort against two railroad companies,—one the lessor, the other the lessee. It may be conceded to plaintiff's contention that the other defendant, the lessor, could not escape its liability for the injury and damage by letting its road to another. It may also be conceded that both are liable. But the action is joint as well as several. The plaintiff had the right to proceed against either one of them, and would be entitled in the joint action to take judgment against one, and dismiss as to the other. In such a case the action is removable by the non-resident defendant. *Greene* v. *Klinger*, 10 Fed. Rep. 689; *Clark* v. *Railway Co.*, 11 Fed. Rep. 355; *Kerling* v. *Cotzhausen*, 16 Fed. Rep. 705; *Boyd* v. *Gill*, 19 Fed. Rep. 145; *Sharp* v. *Whiteside*, Id. 150; *Stanbrough* v. *Cook*, 38 Fed. Rep. 369. The motion to remand is sustained on the first ground.