FIRST LITTLETON BRIDGE CORP. v. CONNECTICUT RIVER LUM-
BER CO.

(Circuit Court, D. New Hampshire.   September 24, 1895.)

No. 404.

REMOVAL OF CAUSES.
    In this case the petition for removal to a federal court was not filed until
after the time allowed by the state court for filing pleas in abatement, and
it was *held* that the circumstances did not show a waiver of the matter
of time, and the case must be remanded.

Action by the First Littleton Bridge Corporation against the
Connecticut River Lumber Company.   On motion to remand to the
state court.

James W. Remick and Harry Bingham, for plaintiff.
Drew, Jordan & Buckley and Geo. H. Bingham, for defendant.

PUTNAM, Circuit Judge.   I find that the writ was returnable to
the term of the supreme court of the state held on the third Tuesday
of September, 1894, and that at that time the following rule of that
court was in force:

"Pleas in abatement shall be delivered to the counsel of the adverse party
or filed with the clerk, and notice thereof put upon the docket within the
first four days of the term."

I find that there is no claim that this rule is not peremptory, with
reference to the period named in it, or that the court has power to
extend it.   I find that the petition for removal was not filed in the
state court until after the expiration of the period of four days
named in the rule, so that, on the authority of Martin's Adm'r v.
Railroad Co., 151 U. S. 673, 684, 14 Sup. Ct. 533, it was not season-
able.   I find that there was no actual waiver of the defect, with any
intention to waive.   I find the petitioner did not serve the plaintiff
with a copy of the removal papers, or notify it that the petition
had been filed.   I find that no appearance has been entered in this
court by the plaintiff, as provided by rule 5, which was in force on
and after September 1, 1894, and that no appearance by the plain-
tiff, in any form, has been actually made in this court, except for
the purpose of making the motion to remand.   I find that the at-
torneys for the plaintiff intended to enter their appearance, wrote
the clerk to make the entry for them, and that the clerk called their
attention to the necessity of a formal entry under rule 5, but that,
as already said, no appearance was in fact entered.   I find that
certain conversations and correspondence have taken place between
the attorneys of the plaintiff and those of the defendant touching
this case and its trial on the merits; but I am unable to find, from
the facts submitted, that the plaintiff or its attorneys knew, or were
bound to know, before these conversations and correspondence,
either with the clerk or the defendant's attorneys, or until about
the time when the petition to remand was filed, that the removal
papers were not seasonable.   Therefore I do not find that the plain-
tiff has, by unreasonable delay or otherwise, waived, as a matter

of fact, the defect in the removal proceedings. The actual entry of a general appearance by the plaintiff, or proceedings by it or its attorneys, in open court, prior to the filing of the petition to remand, if such had been proved, would probably have taken effect as a waiver by force of law. But, in the absence of sufficient proof of the matters hereinbefore stated, I am of the opinion that the inchoate and executory transactions referred to do not have any such effect.

As the matter now stands, the plaintiff is entitled to its costs in this court. Martin v. Snyder, 148 U. S. 663, 664, 13 Sup. Ct. 706. Therefore the clerk will enter the following order: Ordered, that the findings of the court accompanying this order be filed and entered of record, and that an order be entered remanding the case, with costs for the plaintiff.