## BATCHELDER v. S. C. QUIMBY LAND CO. et al.

### (District Court, N. D. Iowa, Cedar Rapids Division. July 27, 1920.)

### No. 120.

**Removal of causes ⊜⇒49 (1)—Cause not removable, where joint defendant is resident of district.**

A cause *held* not removable, where plaintiff's petition alleged that he was a resident, but not that he was a citizen, of the district of suit, where it did not appear that the petition and bond for removal were filed within the time required by Judicial Code, § 29 (Comp. St. § 1011), and where it was shown that one of the two defendants, jointly charged, was a resident of the county of suit, where he conducted a business for himself and his codefendant, and where he was served.

At Law. Action by C. E. Batchelder against the S. C. Quimby Land Company and Clayton Dumont. On motion to remand to state court. Granted.

Tobin, Tobin & Tobin, of Vinton, Iowa, and Johnson, Donnelly & Swab, of Cedar Rapids, Iowa, for plaintiff.

W. F. Zumbrunn and E. E. Bowers, both of Kansas City, Mo., for defendants.

REED, District Judge. This action was commenced in the district court of Iowa, in and for Linn county, on October 3, 1919, by the plaintiff causing to be served an original notice or summons upon the defendants, as authorized by the statutes of Iowa. The plaintiff alleges in his petition that when he commenced the action, and for many years prior thereto, he had been a resident of Springville, in said Linn county, Iowa, and that he was induced to purchase from the defendant S. C. Quimby Land Company, a corporation engaged in selling and trading land, with its headquarters in Linn county, Iowa, in charge of the defendant Clayton Dumont, some 208 acres of land in the state of Texas, for which he paid to defendants the sum of $60,000, and because of fraudulent representations of the defendants he was damaged in the sum of $40,000, for which he asks judgment against the defendants. The notice of such suit or summons was served upon the defendants in said Linn county, Iowa, where the petition alleges that the S. C. Quimby Land Company was doing business and maintained an office, in charge of the defendant Clayton Dumont as its agent, and that he was also interested financially in said transaction.

The petition is duly verified by the plaintiff, Batchelder, and the notice or summons so served upon the defendants reads as follows:

"You and each of you are hereby notified that there will be on file in the office of the clerk of the district court aforesaid, on or before the 23d day of October, 1919, the petition of the plaintiff, claiming of you and each of you the sum of forty thousand dollars ($40,000.00), on account of fraud and misrepresentations in the sale to him of two hundred eight (208) acres of land in Hidalgo county, Texas. * * * Now, unless you appear thereto and defend before noon of the second day of the next regular November, 1919, term of the district court aforesaid, which will begin on the 3d day of

November, 1919, and be held in the courthouse at Marion, Linn county, Iowa, default will be entered against you and judgment rendered and entered as prayed. (Signed by attorneys for plaintiff.)"

Upon which notice the sheriff's return of service is indorsed as follows:

"The attached notice came into my hands for service on the 3d day of October, 1919, and I hereby certify that on the same date I personally served the same on the within-named Clayton Dumont by reading the same to him and personally delivered to him a true copy thereof. All done in Rapids township, Linn county, Iowa.

"John Taylor, Sheriff of Linn County, Iowa,
"By E. G. Thompson, Deputy Sheriff."

Afterwards the defendants filed in said state court a petition for the removal of said cause to this court, as follows:

"In the District Court of Linn County, Iowa.

"C. E. Batchelder, Plaintiff, v. Quimby Investment Company and. Clayton Dumont.

"Petition to Remove This Cause to the United States District Court.

"Come now the defendants, Quimby Investment Company and Clayton Dumont, your petitioners, and respectfully show that they are the defendants in the above-entitled cause, and that the matter in dispute in said cause exceeds, exclusive of interest and costs, the sum, amount, or value of three thousand dollars ($3,000.00).

"Your petitioners show that this is a suit of a civil nature being an action brought by the plaintiff against your petitioners in which the plaintiff in said cause charges that he, the said plaintiff, had theretofore purchased of defendant S. C. Quimby Land Company, certain land in Hidalgo county, Texas, which land was purchased by reason of the false and fraudulent misrepresentations in connection with the sale thereof, and that by virtue of said misrepresentations the plaintiff sustained damages of forty thousand dollars ($40,000.00), being the difference between the value of the land purchased and its actual value, and it is for forty thousand ($40,000.00) dollars damage this suit is prosecuted.

"Your petitioners therefore pray this honorable court to proceed no further herein, except to make an order of removal as required by law, and to accept said surety and bond, and to cause the record herein to be removed into said District Court of the United States within and for the Cedar Rapids Division of the Northern District of the state of Iowa, according to the statute in such cases made and provided.

"Your petitioner Quimby Investment Company shows that it was sued herein as the S. C. Quimby Land Company, that the correct name of this defendant is the Quimby Investment Company, and that the name of S. C. Quimby Land Company is used as a trade-name, and that in truth and fact the correct corporate name of the said defendant is the Quimby Investment Company, in that the Quimby Investment Company does business in and through its trade-name of S. C. Quimby Land Company.

"Your petitioners show that this is a suit involving a controversy wholly between citizens of different states, to wit, in this: That the plaintiff was at the time and commencement of this suit, and ever since has been, and still is, a resident and citizen of and residing within the Cedar Rapids Division of the United States District Court for the Northern District of Iowa, and that the defendant Quimby Investment Company is a corporation duly chartered, licensed, and existing under and by virtue of the laws of the state of Kansas, and is and was at the date of the institution of this suit a citizen and resident of and residing within the state of Kansas, and that your petitioner Clayton Dumont is and was at the date of the institution of this suit a resident and citizen of and residing within the state of Texas.

"And your petitioners offer herein a bond, with good and sufficient surety, in the penal sum of five hundred dollars ($500.00), conditioned for their entry in the District Court of the United States for the Cedar Rapids Division of the Northern District of Iowa, within thirty days from the date of the filing of this petition and the said bond for removal, a copy of the record in this suit, and for the payment of all costs which may be awarded by said District Court of the United States, if said District Court of the United States should hold that this cause was wrongfully or improperly removed thereto. And your petitioners respectfully pray.

"[Signed] W. F. Zumbrunn and E. E. Bowers,
"Attorneys for Petitioners."

Attached to which petition is an affidavit as follows:

"State of Missouri, County of Jackson—ss.:

"W. F. Zumbrunn, of lawful age, being duly sworn, on his oath says that he is the agent of the defendants herein, that he has read the foregoing petition for removal, and well knows the contents thereof, and that the statements and allegations therein made and contained are true.

"[Signed] W. F. Zumbrunn."

(Subscribed and sworn to by the said Zumbrunn before a notary public on October 27, 1919.)

When said petition for removal was filed in the district court of Iowa does not appear. Among the files of this court is the following notice:

"In the District Court of Linn County, Iowa.

"C. E. Batchelder, Plaintiff, v. Quimby Investment Company and Clayton Dumont, Defendants.

"Notice.

"To the Above-Named Plaintiff, or His Attorneys of Record, Johnson, Donnelly & Swab:

"You are hereby notified that on or before the 3d day of November, 1919, on behalf of the defendants, a petition praying for the removal of this cause from the state to the federal court, which petition will be accompanied by proper bond, copies of which are attached hereto, will be filed in the above-entitled cause. And on the 3d day of November, 1919, said petition will be called up for hearing and disposition, at which time and place you may be present, if you so elect. .[Signed] W. F. Zumbrunn,
"Attorney for Defendants."

Attached to the foregoing is a certificate as follows:

"State of Iowa, County of Linn—ss.:

"John Taylor, of lawful age, being first duly sworn, upon oath says that he did on the 22d day of October, 1919, serve a copy of the foregoing notice upon C. E. Batchelder, the plaintiff herein.

"[Signed] John Taylor, Sheriff."

Said certificate is subscribed and sworn to before a notary public on October 22, 1919. On February 21, 1920, the plaintiff, C. E. Batchelder, filed a motion to remand said cause to the district court of Iowa in and for Linn county, from which it was removed, as follows:

"C. E. Batchelder, Plaintiff, v. S. C. Quimby Land Company, Clayton Dumont, Defendants.

"Motion to Remand Case to District Court of Linn County, Iowa.

"Comes now the plaintiff, and moves the court to remand the above-entitled cause to the district court in and for the county of Linn and state of Iowa, on the ground that this court is without jurisdiction to hear and determine

the cause, and is without jurisdiction of either the parties to or the subject-matter of this suit for the reasons follows:

"That at the time of beginning this suit in the district court of Linn county, Iowa, for a long time prior and for a long time subsequent thereto, both the plaintiff and the defendant Clayton Dumont were residents of said Linn county, Iowa.

"That in support of the foregoing motion the plaintiff hereby refers to the affidavits hereto attached and made a part hereof, marked Exhibits A, B, C, etc.                      [Signed]   Johnson, Donnelly & Swab,
                                                    "Attorneys for Plaintiff."

Among the files is the following order:

"In the District Court of Linn County, Iowa.

"C. E. Batchelder, Plaintiff, v. Quimby *Investment* Company and Clayton Dumont, Defendants.

"Order.

"And now, on this 5th day of November, 1919, defendants having presented their petition for removal, accompanied by proper bond, and the court finding that due and proper service of notice has been had upon counsel for the plaintiff; that petition and bond would be on this day presented for consideration: The Court finds that notice of the filing of petition and bond was given prior to the actual filing of the petition and bond for removal. It is therefore by the court ordered that defendants' petition for removal be and the same is hereby granted, and this cause transferred to the United States District Court for the Cedar Rapids Division of the Northern District of Iowa, sitting at Cedar Rapids; and it is further ordered that bond in the sum of five hundred dollars ($500) tendered herewith be and the same is hereby approved.                      F. F. Dawler, Judge."

Attached to the files is a certificate of the clerk of said district court of Iowa in and for Linn county, which is as follows:

"State of Iowa, Linn County—ss.:

"I, P. O. Clark, clerk of the district court of Iowa in and for Linn county, which court is a court of record and having a seal, and exercising common-law, equity, criminal, and probate jurisdiction, hereby certify that I am the custodian of the seal of said court, custodian of the files and records filed and kept therein, and I further certify that the foregoing is a true copy of the petition at law, original notice and officer's return of service, showing personal service on the S. C. Quimby *Land* Co., through their agent, Clayton Dumont, and personal service on Clayton Dumont, petition to remove this cause to the United States District Court, notice of filing of petition for removal to United States District Court and return of service thereon, record of the court's entry ordering this cause removed to the United States District Court and enrolled order for the same, and removal bond, all in cause No. 27522, same being entitled C. E. Batchelder v. Quimby Land Company and Clayton Dumont, as fully as the same remains of record or on file in my office.

"Witness my hand and seal of said court hereto affixed at my office in Marion, in said county and state, on this 17th day of November, 1919.
          "[Seal.]                      [Signed]   P. O. Clark, Clerk of Said Court."

The foregoing copies in the above-entitled cause in the district court of Iowa in and for Linn county, Iowa, were filed in the office of the clerk of this court on November 22, 1919. The question thus presented for determination is: May the defendants remove this cause from the state court of Linn county, Iowa, to this court? This depends upon the question of whether or not the petition for removal or the record in the state court shows that this is a controversy between citizens of different states. The plaintiff's petition shows upon its face

that the plaintiff is a resident only of Linn county, Iowa, in which he originally brought this suit.

Section 29 of the Judicial Code (Comp. St. § 1011) provides as follows:

"Whenever any party entitled to remove any suit mentioned in the last preceding section * * * may desire to remove such suit from a state court to the District Court of the United States, he may take and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto. * * * It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

Under this section a party having the right to remove a cause from a state to a federal court must file the required petition and bond therefor in the state court at the time or any time before the defendant is required by the laws of the state, or the rule of the state court, to answer or plead to the petition or complaint of the plaintiff.

The Code of Iowa (1897) provides:

"Sec. 3550. The defendant shall, in an action commenced in a court of record, demur or answer to the original petition, or assail the same by motion, before noon of the second day of the term."

After referring to the Removal Act of 1875 (18 Stat. 470), as corrected by the act of 1888 (25 Stat. 433), the Supreme Court of the United States in Ex parte Wisner, 203 U. S. 449, at page 457, 27 Sup. Ct. 150, at page 152 (51 L. Ed. 264), said:

"It is settled that no suit is removable under section 2 unless it be one that plaintiff could have brought originally in the [District] Court of the United States."

See, also, Smith v. Lyon, 133 U. S. 315, 320, 10 Sup. Ct. 303, 33 L. Ed. 635; In re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873; Kansas City Railroad v. Daugherty, 138 U. S. 298, 11 Sup. Ct. 306, 34 L. Ed. 963; Waverly Stone & G. Co. v. Waverly, C. F. & N. Ry. Co. (D. C.) 239 Fed. 561; Fife et al. v. Whittell (C. C.) 102 Fed. 537; Ex parte Harding, 219 U. S. 363, at page 367, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392; In re Pennsylvania Co., 137 U. S. 451, 453, 11 Sup. Ct. 141, 34 L. Ed. 738; Roberts v. Pacific, etc., Ry., 121 Fed. 785, 58 C. C. A. 61; Puget Sound Metal Works v. Great Northern Ry. (D. C.) 195 Fed. 350.

Of what state the plaintiff is a citizen is nowhere alleged in the plaintiff's petition, only that he is a resident of Linn county, Iowa, and, in the absence of a showing of what state he was a citizen, he would not be enabled to bring this suit in the United States District Court for the Northern District of Iowa. The petition for removal alleges that plaintiff is, and was when the suit was commenced, a citizen of Iowa; but it is only the nonresident defendant who is authorized to remove the cause from the state court to the federal court. The petition for removal alleges that the defendant land company is not correctly named in the original petition, that the land company is a corporation of Kansas, that its correct name is the Quimby *Investment* Company, and that the defendant Dumont, who is jointly sued with the land company, is a citizen of Texas. Omitting any question of the form of the petition for removal, it alleges that defendant Clayton Dumont is a citizen of Texas, and omitting, further, the question as to the time the petition for removal was filed in the state court, the petition for removal, in the absence of any objections in the state court to the form thereof, might authorize the state court to order the removal; but it is incumbent upon the defendant, not only to file a petition in correct form and in proper time, but he must establish the citizenship of the defendant as well as allege it.

In Kansas City Railroad v. Daugherty, above, it is said by the Supreme Court (138 U. S. at page 303, 11 Sup. Ct. at page 307 [34 L. Ed. 963]):

"It is apparent that if the service of process upon the defendant was sufficient, a plea was required, from it at the September term, 1888, and that its application for removal came too late, for section 3 of the Act of Congress of March 3, 1887, as corrected by the Act of August 13, 1888, provides that the party desiring to remove must file his petition 'at the time, or any time before the defendant is required by the laws of the State or the rule of the state court in which suit is brought to answer or plead to the declaration or complaint of the plaintiff.' 24 Stat. c. 373, p. 554; 25 Stat. c. 866, p. 435. The statute is imperative that the application to remove must be made when the plea is due, and because a plaintiff in error does not take advantage of his right to take judgment by default, it cannot be properly held that he thereby extends the time for removal."

In Fife v. Whittell, above, the court said (102 Fed. at page 539):

"Where the question of jurisdiction of the United States Circuit [now District] Court is presented, we are confronted at once with the presumption that the cause is without the jurisdiction of the court, unless the contrary affirmatively appears [citing a number of cases].  *  *  *  It is also an established rule that parties seeking to remove causes to the United States Circuit [now District] Court are bound to comply strictly with every provision required by the act. One of the provisions of the removal act is that, where a cause of action between citizens of different states pending in the state court involves an amount within the jurisdiction of the United States Circuit [now District] Court, it may be removed to that court by the defendant or defendants therein, 'being nonresidents of the state.' This restriction to the right of removal, based upon the residence of the defendants, is clearly jurisdictional, and, if it does not appear in the record in the state court, it must be clearly shown in the petition for removal as a right which the defendant has and claims, or it will be presumed not to exist. The fact that it may be inferred argumentatively from any averment in the petition as to other facts is not sufficient. In Amory v. Amory, 95 U. S. 186, 24 L. Ed. 428, the

defendants alleged that the suit was instituted by the plaintiffs as executors, and under letters of administration issued to them in New York, and that the plaintiffs, as such executors, were citizens of the state of New York. The averment was held insufficient, the court refusing to infer that the plaintiffs were personally citizens of New York. The court said: 'From the language here employed, the court may properly infer that, as persons, the plaintiffs in error were not citizens of New Jersey, as was the defendant.' In other words, the court would infer or presume against jurisdiction, but not in its favor."

The plaintiff alleges in his motion to remand, and also alleges in his original petition, that the Quimby *Land* Company maintained an office and agency at Linn county, Iowa, in which it was doing a land business; that the defendant Clayton Dumont was not only the agent of the defendant land company, but that he himself was personally interested in the transaction out of which the plaintiff's action arose; and the plaintiff by a number of affidavits attached to his motion to remand shows that the defendant Clayton Dumont was not only doing business in Linn county, but that he was a resident of that county, and moved there for the purpose of educating one of his children; and the defendant Dumont himself testifies that he was reared in Jones county, Iowa, which is in the Northern district of Iowa, adjacent to Linn county; that he moved some years ago to the town of Hildalgo, Texas, purchased and established a home there, which he disposed of some years before the commencement of this suit, and has never returned to that state, but has only passed through it once or twice in the conduct of his business in Linn county, Iowa. He also testifies that he was conducting this land business in another county of Iowa, either at Davenport or some other place in Iowa, and it is apparent that he was transacting business in behalf of himself, and in behalf of the land company, whatever may be its correct corporate name, in Linn county, Iowa, and was rightly sued in the state court.

In this case there is nothing to show when the petition for removal was filed by the defendants in the state court. All that appears here is that it was ruled upon by the judge of the state court on the 5th day of November, 1919, which was after the second day of November, 1919, term of that court. The November term of the district court in and for Linn county, Iowa, began on November 3, 1919, the second day of said term being November 4th, on which day the defendants were required to plead or answer the petition of the plaintiff filed in that court.

The petition for removal is verified by one who signs it as attorney for the defendant, who states that he is the agent of the defendants; but in what capacity he is their agent is not shown, other than he signs the petition as attorney for defendants. It is quite doubtful if this verification is a sufficient verification of the petition for removal.

We are constrained to find and hold that this suit was improperly removed to this court, and the motion to remand the same to the state court must therefore be and is granted.

It is ordered accordingly.