McCALLUM et al. v. GENERAL AMERI-
CAN OIL CO. OF TEXAS et al.

No. 1030.

District Court, W. D. Arkansas, Texarkana Division.

Dec. 2, 1937.

George F. Edwards, Jr., of Texarkana, Ark., for plaintiffs.

Rodgers & Rodgers, of Texarkana, Tex., for defendants.

RAGON, District Judge.

This is an action by the plaintiffs as residents of Miller county, Ark., against the General American Oil Company of Texas, a Delaware corporation, having its principal office and place of business in Tyler, Tex., and the defendant, J. A. Rey-

nolds, a resident of Tyler, Tex., in which the plaintiff seeks to recover damages for injuries sustained in an automobile collision in the city of Texarkana, Ark., on May 8, 1937. The complaint was filed in the Miller circuit court against the defendants on May 21, 1937. Process was accordingly served on the defendants by delivering a copy to the secretary of state, and notice of the filing of said suit was by registered mail directed to the defendants.

On August 20, 1937, a copy of the summons was served upon the General American Oil Company of Texas by delivering a copy thereof to the secretary of state. Notice to the General American Oil Company of Texas that the summons had been issued and copies of the same had been sent to the sheriff of Pulaski county, Ark., were sent to the General American Oil Company of Texas at Tyler, Tex., on August 19, 1937. A return receipt for this registered letter was signed August 21, 1937. On September 13, 1937, the General American Oil Company of Texas filed its petition and bond for removal of this cause from the Miller circuit court to the federal court for the Western district of Arkansas.

The only question at issue is whether or not the petition and bond for removal were timely filed. This involves a construction of section 1375 and section 1430 of Pope's Digest. The validity of the service had upon the Oil Company is not questioned.

Section 1430 of Pope's Digest provides:

"The defense to any complaint or cross complaint must be filed before noon of the first day the court meets in regular or adjourned session after service:

"First. Where the summons has been served twenty days in any county in the State;

"Second. Where the summons has been served thirty days outside of the State."

My first impressions of the questions involved herein have yielded after a thorough study of the case. Section 1375 of Pope's Digest is a statute which has been passed in a number of states growing out of the increased use of the automobile as a mode of traffic in recent years. It provides that nonresident motorists accepting the rights and privileges conferred by the laws of Arkansas to use the highways of the state for the operation of motor vehicles will be deemed the equivalent of the appointment by such nonresident owner of the secretary of state as his true and lawful attorney and agent for the purpose of service of all lawful process in proceedings against him growing out of any accident or a collision which may occur while in the state. It is provided that service of process may be made by serving a copy of the process on the secretary of state, and that such service shall be sufficient service upon the nonresident motorist, provided that notice of such service and a copy of the process are forthwith sent by registered mail to the defendant at his last known address. The last sentence of this section, in my opinion, is very significant in its bearing upon the question involved. It reads: "The court in which the action is pending may order such continuance as may be necessary to afford the defendant or defendants reasonable opportunity to defend the action."

I do not believe the Legislature intended that notice of service and copy of process to be sent forthwith by registered mail to the defendant has the effect of directing process outside the state. It merely directs that the notice be sent. It does not require that it be received. No return on the notice, therefore, is necessary. It does provide that a return receipt or an affidavit by the plaintiff or his attorney to the effect that the statute has been complied with should be appended to the process and entered and filed in the office of the clerk of the court wherein the said cause was brought. The statute is fully complied with by the plaintiff merely placing the notice in the mail and then filing an affidavit that he has complied with the statute. So the service is, under these circumstances, completed within the state. The defendant's position might be strengthened if the statute provided the service was completed only with the filing of the return receipt. But it is to be observed that the completion of the service is effected by the filing of either the return receipt or the affidavit by the plaintiff or his attorney that there has been a compliance with the statute. The statute expressly makes the secretary of state the agent for the defendant for the purpose of service. Except for the proviso requiring the mailing of notice to the defendant, the method of service is the same as provided by statute on other foreign corporations with designated agents for service within the state. It is conceivable that such procedure might be resorted to under this statute which would place the defendant at a dis-

advantage; but this element would not be eliminated by a holding that under the statute the process was directed either within the state or without the state. The Legislature evidently had in mind such circumstances when it provided that a continuance might be afforded to the defendant for a reasonable opportunity to defend the action. If any unnecessary delay was used in sending the notice, then the court, under the statute, has the authority to continue the cause in order that the defendant might make a proper defense. So I am forced to the conclusion that the defendant in actions brought under section 1375 is required to answer after service has been had upon him for twenty days.

■ The federal statute (Jud.Code § 29, 28 U.S.C.A. § 72) provides that a petition for removal might be filed at any time before the defendant is required by the laws of the state or the rule of the state court in which suit is brought to answer or plead to the complaint of the plaintiff.

The Miller circuit court convened on September 6, 1937, and thereafter remained in session until the filing of petition and bond on September 13, 1937, which would account for more than twenty days having expired after the service. Hence, the time having expired for filing answer, the petition and bond were filed out of time.

The cause will accordingly be remanded to the Miller circuit court.