Butler & Madden, of Lewiston, Idaho, for plaintiff.

Richards & Haga, of Boise, Idaho, for defendant.

## MADDEN v. NEW YORK LIFE INS. CO.

### No. 1420.

District Court, D. Idaho, Central Division.

Oct. 19, 1939.

HEALY, Circuit Judge.

The matter is before the court on plaintiff's motion to remand. Also involved is an order, issued on petition of the defendant, to show cause why plaintiff should not be enjoined from proceeding in the state court.

The motion to remand must be granted on the ground that the petition for removal was not filed within the time prescribed by section 29 of the Judicial Code, 28 U.S.C. A. § 72, providing for removal on petition filed "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."

Counsel have called attention to no standing rule of the state court which might be thought controlling. The state statute (§ 5-503, Idaho Code Ann.) requires the defendant to appear and plead within twenty days of the service of summons. This was not done, but within the twenty day period the parties stipulated as follows:

"It is hereby stipulated and agreed, By and between the attorneys for the respec-

tive parties above named, that the defendant may have ten days in which to plead to the complaint herein after the receipt by defendant's attorneys of written notice from plaintiff's attorneys that plaintiff desires to proceed with the case and desires an appearance to be entered by defendant in this cause.

"Dated April 26, 1939."

More than 40 days later defendant filed the necessary petition and bond and notified plaintiff that the cause had been removed. Plaintiff had not given the written notice mentioned in the stipulation.

In the absence of any contrary holding by the Supreme Court or by the Circuit Court of Appeals of this circuit, and none has been cited or found, I am constrained to follow the rule laid down for this jurisdiction by the late Judge Dietrich in Williams v. Wilson Fruit Co., D.C., 222 F. 467. It is true, as counsel argue, that the circumstances of that case differ materially from those in the case at bar, and that the pronouncement of the court as found in 222 F. on page 470 of the reported opinion would ordinarily be classed as obiter dictum. But it is obvious that the rule there declared was intended as an authoritative statement of the principle to be followed by this court in removal cases. I see no sufficient reason for departing from it.

The many authorities bearing on the subject need not again be reviewed.[1] They present a wide divergence of opinion. The Wilson Fruit Co. case has much support in the decisions and has been followed in other districts. See for example the opinion of Judge St. Sure in Yuba City Box Co. v. Liverpool & London & Globe Insurance Co., 1929, D.C., 33 F.2d 909. Compare the observations in Gerling v. Baltimore & Ohio R. Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311; and Powers v. Chesapeake & O. R. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673, pointing out the restrictive nature of the present statute.

While the time provision of the statute is merely "modal and formal" and compliance with it is not a jurisdictional requirement, so that it may be waived by agreement of the parties, yet an intention to waive it must appear from the stipulation which the parties have seen fit to make. As said in the Wilson Fruit Co. case, plaintiff's mere consent that the defendant may have additional time to plead in the state court does not imply an intention to enlarge the time for removing the cause to the Federal court. It may well be that defendant did not intend by the stipulation to forego its right of removal, but neither does it appear that plaintiff intended to waive his right to have the cause tried in the state court in the absence of a timely application for removal.

Counsel may prepare an order remanding the cause to the state court and dissolving the temporary restraining order heretofore issued.

---

[1] The cases are collated in 108 A.L.R. 966, 973.