## BOLLING et al. v. MERCHANTS & BUSINESS MENS MUT. FIRE INS. CO.

### No. 10.

District Court, W. D. Virginia, at Big Stone Gap.

July 9, 1941.

R. R. Parker, of Appalachia, Va., for plaintiff.

John J. Wicker, Jr., of Richmond, Va., for defendant.

PAUL, District Judge.

This action was originally instituted in the Circuit Court of Wise County, Virginia, under the notice of motion statute (Va.Code § 6046) and was removed to this court by the defendant upon the ground of diversity of citizenship. The plaintiff has moved to remand upon the ground that the petition to remove was not filed in the state court within the time required by the Federal statute governing removal, 28 U.S.C.A. § 72. This statute provides that the petition for removal shall be filed in the state court: " * * * at the time, or any time

before the defendant is required by the laws of the State or the rule of the State court in which the suit is brought to answer or plead to the declaration or complaint * * *".

The record of the proceeding in the state court shows that the notice of motion was returnable in·that court on April 23, 1941; that the defendant did not plead nor appear on the return day and the case was placed on the trial docket and set for trial on May 5, 1941, being a day of the term which began on April 21, 1941. On May 1st, upon motion of the plaintiff, an order was entered requiring the defendant to appear and file a statement of its grounds of defense by 9 A. M. on May 3rd. The defendant did not file the statement of grounds of defense on May 3rd, but on May 5th, the day set for trial, filed its petition for removal, accompanied by the required bond. Upon this petition the state court issued its order of removal.

The sole question is whether the petition for removal was filed in time. The notice of motion statute, Va.Code, § 6046, provides a simple and informal practice, the application of which by the courts has been most liberal and free of technicality. Rule days have no applicability to proceedings by notice of motion and no office judgments are entered because of the failure of defendant to plead at any stage. The statute makes no provision as to the time when a defendant shall plead nor does it provide for any judgment by default or conditional judgment for failure to plead. The statute does provide that the defendant may make the same defenses as to an action at law brought by declaration or, if he choose, may file an informal writing setting up his grounds of defense, this being in lieu of a plea in bar; and it also provides that no plea in abatement shall be received after the defendant has demurred, pleaded in bar or filed his grounds of defense. But there is no provision as to when any of these defenses, either dilatory or to the merits, shall be filed. The case matures on the return day of the notice, on which day it is docketed; and the plaintiff, providing he is prepared to do so, may then and there on the return day prove his case and take judgment.

While there is no provision as to when a defendant must plead, it is generally accepted that he cannot plead prior to the return day for the reason that the case is not on the docket until then. Under this condition, it behooves a defendant to appear on the return day and plead in some form. Otherwise he risks the danger of having a judgment taken against him on that day. But if the court does not hear the case on the merits on the return day but sets it for trial at a later date, it is the general acceptation that the defendant has not lost his right to plead by failing to do so on the return day and that he may do so later, even up to and including the day of trial unless ordered by the court to plead at an earlier time. In actual practice, it most frequently happens that when the notice is docketed on the return day, or at some time between that day and the date of trial, the plaintiff obtains an order requiring the plea or grounds of defense to be filed at a named date prior to trial; this being done in order that he may know of the defense to be offered and that the issues may be defined prior to trial. The order requiring the filing of pleas or grounds of defense prior to trial is customarily granted and, while I know of no authority specifically so holding, it would seem to be a matter of right for the plaintiff to demand this. However, if the defendant does not plead on the return day and no order requiring him to plead is entered then or thereafter, it is generally held that he may plead at any time up to and including the day of trial and that he has a right to do so.

Because of the very informality of the procedure by notice of motion and the liberality of the trial courts in its operation very few questions of technical procedure have arisen requiring settlement by our highest state court and direct authority is lacking on the question of when a defendant is "required to plead" in a·proceeding of this sort. The law on the subject is found in the custom and practice prevailing in the trial courts and the interpretation of the statute generally accepted and followed, rather than in the decided cases. Briefly stated, this custom-established law seems to be this: That a defendant may plead on the return day but his failure to do so does not in itself bar him from pleading later. That after maturity of the notice, the court may require the defendant to plead by a named date, which, if the court saw fit, might be the return day itself; and that if the defendant fail to plead within the time ordered by the court, he cannot thereafter plead except by leave of court. That in the absence of an order of court requiring him to plead within a named time he may plead at any time up to trial.

The plaintiffs here rely strongly on the case of Maryland, etc., Co. v. Clintwood Bank, 155 Va. 181, 154 S.E. 492, which they interpret as holding that a defendant to a notice of motion is required to plead on the return day of the notice. I cannot interpret the case to have any such direct holding. In this case, there was being considered whether a lower court had erred in denying a petition for removal to the Federal court and approval of the denial seems to have been based primarily on the ground that the defendant had appeared generally in the state court and had itself suggested a continuance prior to filing a petition to remove. True the case does have some discussion of the time for filing pleas and this paragraph appears (155 Va. page 188, 154 S.E. page 494): "Under the Virginia statute, the plea of the defendant was due March 23, the return day. The petition for removal was not filed on that day; on the contrary, the case was continued on motion of the plaintiff, for the accommodation of the defendant, and so the petition filed thereafter, April 1, was filed too late."

I cannot construe this language as a holding that a defendant loses his right to plead if he fails to do so on the return day; that he is "required" to plead at that time. Nor, when taken in connection with other language of the opinion, do I construe this to mean that the right to remove was lost solely because not petitioned for on the return day. If a defendant has lost the right to plead by failure to do so on the return day, the customary practice of an order requiring him thereafter to plead is completely illogical, a requirement that the defendant do something that he has already lost the right to do.

■ However, while it is my opinion that in the absence of an order requiring him to plead on the return day a defendant does not lose the right to plead thereafter, I am also of opinion that when an order requiring a defendant to plead has been entered the right to plead is limited by the terms of that order. The pertinent case appears to be that of Thacker v. Hubard & Appleby, 122 Va. 379, 94 S.E. 929, 930, 21 A.L.R. 414, involving an action brought by notice of motion. In that case, the notice was docketed and the defendant, not then being advised as to whether it would make defense, obtained an order granting a continuance to the next term, which order granted leave to plead within

a limited time. The defendant did not plead within the prescribed time, but appeared at the next term of court when the case was called for trial and tendered his pleas. Notwithstanding the defendant's insistence that he could, as a matter of right, plead at any time until trial, the court rejected the pleas as not having been filed within the time prescribed by its prior order. The Supreme Court of Appeals affirmed this action. Referring to the fact that the statute makes no provision as to the time for pleading, it says that "Usually the proper time for a defendant to tender his defense is when the case is called on the docket * * *". Referring further to the fact that a case when called on the docket may not be then tried and to the custom of prescribing a time limit within which a defendant may plead prior to a future trial, the court says (122 Va. page 385, 94 S.E. 930, 21 A.L.R. 414):

"But when such time limit has been prescribed, the defendant who has not complied with the order has not 'the right to demur or plead as a matter of right,' but must show good cause why he has not complied with the order of the court, and, if he fails to do so, it may exclude his pleadings."

Based on the reasoning and the language of this case, as well as on the accepted practice, I take the true rule to be that a defendant does not lose the right to plead to a notice of motion by failure to do so on the return day. But where an order is entered requiring him to plead, either on the return day or at a future time, he is required to plead within the time limited and cannot thereafter plead except by leave of court for good cause shown.

■ The effect of this in the instant case is that the defendant, having by order been directed to plead not later than May 3rd, lost his right to plead thereafter. The 3rd day of May became the time at which the defendant was "required to plead". I am not unmindful that this requirement was determined by an order of court in the specific case and not by the terms of the statute itself. Neither am I unmindful that the language of the removal statute (28 U.S.C.A. § 72) permitting removal up until the time the defendant is "required by the laws of the state or the rule of the State court * * * to answer or plead * * *", has been construed as meaning a rule of general application in

the courts of the state and not a special rule or order of a particular court or in a particular case.

But in the instant case the time within which the defendant was required to plead was not fixed by any rule of the Circuit Court of Wise County of local application only. It was fixed in accordance with the law of the state as determined by the Supreme Court of the state. The statute itself does not in terms fix a time when a defendant is required to plead but the effect of Thacker v. Hubard & Appleby, heretofore cited, is to determine that the court, upon the maturity of a notice of motion, may fix the time when a defendant is required to plead and that this requirement is binding. The interpretation thus placed upon the statute by the highest court of the state is of general application and is the law of the state as much as if embodied in the language of the statute.

The time within which the right of removal may be exercised is coextensive with the time within which the defendant is permitted by the laws of the state to plead. The right of the defendant here to plead having expired on May 3rd, the petition for removal filed May 5th came too late. The case will have to be remanded to the state court.