RANSOM v. SIPPLE TRUCK LINES, Inc.,
et al. (two cases).

Nos. 84, 85.

District Court, N. D. Iowa,
Cedar Rapids Division.

Nov. 30, 1943.

Ralph Wilson and Grimm, Elliott, Shuttleworth & Ingersoll, all of Cedar Rapids, Iowa, for plaintiffs.

John D. Randall, of Cedar Rapids, Iowa, for defendants.

DELEHANT, District Judge.

A single memorandum is being filed in these two cases in which essentially identical issues are before the court for immediate decision.

The cases were brought to this court by removal, upon the joint petition in each case of both defendants, from the District Court of Iowa, within and for Benton county, where they were instituted for the recovery of judgments against the defendants for damages allegedly sustained in consequence of an automobile accident that occurred on June 25, 1941. The plaintiff in each case seasonably filed a motion to remand upon the ground that the proceedings for removal were not taken within the statutory time. It is to those separate motions that this memorandum is principally addressed.

The controlling federal statute is Section 29 of the Judicial Code, Title 28 U.S. C.A. § 72, by which it is provided that, "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or [at] any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto," etc.

The jurisdictional step for removal, therefore, is the defendant's filing the petition and bond for removal in the state court, "at the time, or [at] any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." The formal regularity of the instant petitions and bonds for removal, and the general removability of the actions being unchallenged, the only issue is whether the petition and bond were filed in the state court within the statutory time.

It is consistently held that the foregoing limitation of time for the initiation of removal proceedings is strictly to be followed and that a federal District Court may not, in the face of a motion to remand, retain jurisdiction of a removed cause where the petition for removal was filed at any time, however early, after "the time

\* \* \* the defendant is required by the laws of the State or the rule of the State court \* \* \* to answer or plead." Interestingly, among the cases most frequently cited in support of the rule are reported opinions from this district and from the Supreme Court of Iowa. Wilson v. Big Joe Block Coal Co. et al., 135 Iowa 531, 113 N. W. 348, 14 Ann.Cas. 266; Markey v. Chicago, M. & St. P. Ry. Co., 171 Iowa 255, 153 N.W. 1053; Waverly Stone & Gravel Co. v. Waterloo, C. F. & N. Ry. Co., D.C. N.D. Iowa, 239 F. 561; Batchelder v. Quimby Land Co., D.C.N.D.Iowa, 267 F. 483. The Supreme Court of the United States has emphatically affirmed the rule. Kansas City, F. S. & M. R. Co. v. Daughtry, 138 U.S. 298, 303, 11 S.Ct. 306, 34 L.Ed. 963; Martin's Adm'r v. Baltimore & O. R. Co., 151 U.S. 673, 687, 14 S.Ct. 533, 38 L. Ed. 311.

The mandatory character of the prescription of the time for the filing of the petition and bond for removal is emphasized in many decisions of the circuit and district courts of the United States. Tennessee Coal, Lumber & Tan-Bark Co. v. Waller, C.C.E.D.Tenn., 37 F. 545; Austin v. Gagan, C.C.N.D.Cal., 39 F. 626, 5 L.R.A. 476; Velie v Manufacturers' Accident Indemnity Co., C.C.E.D.Wis., 40 F. 545; Spangler v. Atchison, T. & S. F. R. Co., C.C.W.D.Mo., 42 F. 305; Ruby Canyon Gold Mining Co. v. Hunter, C.C.W.D.S.D., 60 F. 305; First Littleton Bridge Corp. v. Connecticut River Lumber Co., C.C.N.H., 71 F. 225; Lee v. Continental Insurance Co., D.C.E.D.Ky., 292 F. 408; American Fountain Supply & Products, Inc., v. California Crushed Fruit Corporation, D.C. Minn., 21 F.2d 93; Thomason v. Davis, D. C.W.D.La., 51 F.2d 1059; Zeagler v. Hunt, D.C.W.D.La., 38 F.Supp. 68; Coco v. Altheimer, D.C.W.D.La., 46 F.Supp. 321; McCallum v. General American Oil Co. of Texas, D.C.W.D.Ark., 21 F.Supp. 401; Boss v. Irvine, D.C.W.D.Wash., 28 F. Supp. 983; Madden v. New York Life Ins. Co., D.C.Idaho, 29 F.Supp. 701; Saldibar v. Heiland Research Corp., D.C.S.D.Tex., 32 F.Supp. 248; Wofford v. Hopkins, D. C.W.D.Tex., 45 F.Supp. 257; Ricciardi v. Lazzara Baking Corp., D.C.N.J., 32 F.Supp. 956; Bolling v. Merchants & Business Mens Mutual Fire Ins. Co., D.C.W.D.Va., 39 F.Supp. 625. Cases in great number and from virtually every federal jurisdiction might be added, without any essential variety of opinion upon the general question.

The same stringency is to be observed in the pertinent decisions of the courts of last resort of many, if not all, of the states, of which an instructive example (in addition to the Iowa authorities cited) is Southwest Power Co. v. Price, 180 Ark. 567, 22 S.W.2d 373.

Fortifying the strict administration of the statutory time limit, it has become settled that the reference to the prescription of time to answer or plead by "the rule of the State court" is to a permanent rule of general application and effect, where the time to plead or answer is determined by rule and not by statute; Waverly Stone & Gravel Co. v. Waterloo, C. F. & N. Ry. Co., supra; Bolling v. Merchants & Business Mens Mutual Fire Ins. Co., supra; that the critical time is the time originally specified for answer or plea, and not some later date allowed for answer or plea by judicial grace, Wilson v. Big Joe Block Coal Co., supra; Velie v. Manufacturers' Accident Indemnity Co., supra; Spangler v. Atchison, T. & S. F. R. Co., supra, or by stipulation of the parties, Madden v. New York Life Ins. Co., supra. Thus the time prescribed by Title 28 U.S. C.A. § 72, is not the time when, in a specific case by reason of developments in it, the defendant is actually required to answer or plead, but rather the time when, by statute or general rule of court, as the case may be, divorced from any specific development or indulgence in the suit, he is required either to answer or to plead. And upon the highest authority, Martin's Adm'r v. Baltimore & Ohio Railroad Co., 151 U.S. 673, 687, 14 S.Ct. 533, 538, 38 L.Ed. 311, it has been asserted that "the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court", even a plea in abatement, though the original time for answer, as distinguished from a preliminary plea, might not have expired. True, that construction of the removal statute has sometimes been criticised as dictum by certain lower federal courts that were reluctant to follow it. E. g., Mahoney v. New South Building & Loan Ass'n, C.C.W.D. Va., 70 F. 513, and Wilson v. Winchester & P. R. Co., C.C.W.Va., 82 F. 15, affirmed with only slight consideration 4 Cir., 99 F. 642, 645. But the rule suggested was reiterated in Goldey v. Morning News, 156 U.

S. 518, 15 S.Ct. 559, 39 L.Ed. 517. And, even as dictum, it is and should be persuasive to the judges of the District Courts and the Circuit Courts of Appeal. See Arrigo v. Commonwealth Casualty Co., D.C. Md., 41 F.2d 817, in which the Supreme Court's position upon the question is examined and discussed. Finally, it recognizes, and is responsive to the alternative use in Title 28 U.S.C.A. § 72 of the language "answer or plead", and is in harmony with the acknowledged policy of the Congress and the courts to restrict rather than to amplify the jurisdiction of the federal District Courts under the removal statute.

■■ There is no occasion here to consider whether, or how far, a party against whom removal has been sought unseasonably may understandingly, or inadvertently, waive the question of the timeliness of removal. That the time of filing the petition for removal is not jurisdictional, but rather "modal and formal" is true. Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 18 S.Ct. 264, 266, 42 L.Ed. 673. But there is no waiver in either of these cases. On the contrary, the plaintiff in each instance has promptly challenged the removal on the ground alone that it was tardy.

The critical question is whether the petition and bond for removal were filed in time; and for its solution certain salient features of the cases and of the statutes of Iowa will be noted.

In each case, the petition in the state court was filed on June 21, 1943. On that day also the "original notice" directed to both defendants, required by the law of Iowa on the institution of suit was filed, together with a sheriff's return that neither defendant could be served by him. In each case there is a showing of the lodging with the Commissioner of the Public Safety Department of the state of Iowa of a copy of the original notice of suit together with a fee of two dollars, all under date of June 21, 1943. There is also shown in each case by affidavits filed later in the state court the mailing by restricted registered mail to the individual defendant of two separate notifications of filing with the Commissioner, one sent to a supposed "last known residence or place of abode" in Nebraska, and the other to an address (tentatively discovered for him) in the United States Navy, and to the alleged and acknowledged president and secretary of the corporate defendant of like notifications. Certain

features of these separate mailings are challenged by the defendants in motions to dismiss, (vide infra), and also upon the argument on the motions to remand.

Each original notice informs the defendants that, "unless you appear thereto and defend in the District Court of Iowa in and for Benton County at the court house in Vinton, Iowa, before noon of the sixtieth day following the filing of this notice with the commissioner of the public safety department of this state, default will be entered and judgment rendered against you by the court if then in session in said county, and if the court is not then in session said default will be entered and judgment rendered by the court on the first day of the first succeeding term or as soon thereafter as the same may be reached."

The foregoing excerpt from the original notices, seems to be in strict conformity with Section 5038.03, Code of Iowa, 1939, which, as a part of the "non-resident motor vehicle use and operation law" provides: "The original notice of suit filed with the commissioner shall be in form and substance the same as now provided in suits against residents of this state, except that that part of said notice pertaining to the return day shall be in substantially the following form, to-wit: 'and unless you appear thereto and defend in the district court of Iowa in and for .......... county at the courthouse in .............. Iowa before noon of the sixtieth day following the filing of this notice with the commissioner of the public safety department of this state, default will be entered and judgment rendered against you by the court if then in session in said county, and if the court is not then in session said default will be entered and judgment rendered by the court on the first day of the first succeeding term or as soon thereafter as the same may be reached.'"

The six sections of the Code following immediately after section 5038.03 deal respectively with the manner of service of the original notice, the form of notice to non-resident defendants, the definition of "restricted registered mail", optional notification by personal service in a foreign state on a defendant, the manner of proof of service, and the reservation of the right to make actual personal service within Iowa on an available non-resident defendant. Code Iowa 1939, §§ 5038.04–5038.09. They will not be quoted or discussed beyond the simple assertion that there appears to the

court to have been a substantial compliance with them, at least as to the individual defendant. The court is presently concerned more pointedly with section 5038.03 and the actual original notices utilized here.

■ It may be mentioned in passing that in Iowa by statute, the service on the defendant of the socalled "original notice" is the means of instituting an action in a court of record; and that, with due reservation of exceptional cases specially provided for, of which these are examples, the defendant is required in the original notice and under the statute to "appear thereto and defend before noon of the second day of the term at which defendant is required to appear, naming said term, and the date when and place where said court will convene". Section 11055, Code of Iowa 1939. Thus the return day under the statute applicable to these cases is an exception to the general rule. It seems also to be agreed—and, the court considers, correctly—that the question involved is governed by the cited statute rather than by the new Iowa Rules of Civil Procedure which became effective after the filing of the suits and before return day under any construction, but expressly saved the return days in pending cases of this character from their operation.

From certificates made by one of the judges of the state court for the district comprising Benton county, it satisfactorily appears that the June 1943 term of the District Court for Benton county opened June 7, 1943, and was continued from time to time until the 4th day of September, 1943, but there was no session of that court, nor was either of the judges of the district personally in Benton county, either on August 20, 1943, or on August 21, 1943. The sixtieth day after June 21, 1943, was August 20, 1943. The petition and bond for removal were filed on September 6, 1943, which was also the first day of the term of court ensuing next after the June 1943 term.

The defendants contend that, since the state court for Benton county was not in session at noon on August 20, 1943, they were not required to answer or plead in these cases until the opening of the next ensuing regular term of court on September 6, 1943; or to restate their position in their own language, that "Section 5038.03 gave the non-resident defendant two return days; one return day being 'before noon of the sixtieth day following the filing of this notice with the commissioner of the public safety department of this state'; and the other being, 'if the court is not then in session [at the end of the sixty day period] said default will be entered and judgment rendered by the court on the first day of the first succeeding term or as soon thereafter as the same may be reached.'"

■ The court cannot follow sympathetically the argument implicit in that contention. Section 5038.03 specifies just one time as the limitation upon the period within which the defendant may answer or plead, namely "noon of the sixtieth day following" the filing of the original notice with the Commissioner of the Public Safety Department of Iowa. The language which follows that prescription of time, both in the statute and in the instant original notices has to do solely with the consequence to the defendant in certain alternative conditions of his failure to answer or plead within the prescribed time. A defendant may, indeed, be allowed to answer or plead either on the first day of the next succeeding term of court or thereafter, who has allowed the statutory sixty days to elapse without answer or plea, and this quite irrespective of whether the court was or was not in session at noon of the sixtieth day. But if he be so allowed it is not because of the language of the statute but rather by reason of the court's exercise of discretion in furtherance both of its inherent powers and of express statutory grant of authority in this type of case, Section 5038.11, Code of Iowa, 1939. The court considers and holds that within the meaning of Title 28 U.S.C.A. § 72, the defendants in these cases were "required by the laws" of Iowa, "to answer or plead to the" petition "of the plaintiff[s]" before noon of August 20, 1943. And under the decisions, supra, it is the time for answer or plea that matters for the present purpose of the court, not the time thereafter when default may be entered and the other sanctions imposed for failure to make timely answer or plea.

■ Nor, in the court's opinion, is the defendants' contention fortified by their reliance on Section 5038.11, Code of Iowa 1939, supra, which they cite and rely upon. It follows: "The court in which such action is pending shall grant such continuances to a nonresident defendant as may be necessary to afford him reasonable opportunity to defend said action." Surely,

526

it requires neither argument nor authority to sustain the obvious conclusion that the quoted legislative language is only declaratory of the court's inherent power to grant continuances in respect either of pleading or of the time for trial in furtherance of justice. This court ventures the assertion that the statute adds nothing to the court's necessary power. The assertion is actually fortified rather than impaired by an opinion of the Supreme Court of Nebraska which the defendants cite in support of their contention that without Section 5038.-11 the statutory prescription of sixty days for answer or plea would have been unconstitutional. Herzoff v. Hommel, 120 Neb. 475, 233 N.W. 458. It is true that in the cited case the Nebraska court struck down as unconstitutional a statutory limitation in a Nebraska non-resident motorists' act of ninety days upon the power of the court to grant continuances to non-resident defendants. But its action was premised upon the existence in the Nebraska courts of the power to grant continuances in furtherance of justice without express limitation as to time and the court's proper reasoning that the imposition of such a limitation upon the rights of a certain class of defendants in a single type of case was an unconstitutional discrimination against them, and in favor particularly of resident defendants in similar cases. The court considers Section 5038.-11 to be wholly uninstructive here.

Finally, the discussion by the defendants of the question of the judicial power to allow answer or other pleading after the time allowed therefor by statute invites the application of the rule, declared in many of the cases heretofore cited, that the exercise of such undoubted power cannot operate to affect or extend the statutory time for filing the petition and bond for removal.

Considering that the petitions and bonds for removal were filed after the time prescribed for such filing, the court, upon the timely motions of the plaintiffs, has no alternative but to sustain the motions to remand. And orders have been prepared accordingly.

Since the cases are being returned to the state court, it is not in order to rule upon certain motions to dismiss filed here after removal and after the filing of the motions to remand. The questions of state procedure presented by those motions should be and will be determined in the state court, and the cases will return there with those motions pending for attention.