**VIRGINIA TOBACCO CO., Inc. v. WILSON.**

No. 5752.

United States Court of Appeals
Fourth Circuit.

Sept. 1, 1948.

R. Paul Sanford, of Danville, Va. (Sanford & Clement, of Danville, Va., on the brief), for appellant.

Rutledge C. Clement, of Danville, Va. (John P. Gorman and Clausen, Hirsh & Miller, all of Chicago, Ill., and Crews & Clement, of Danville, Va., on the brief), for appellee.

Before PARKER, Chief Judge and DOBIE, Circuit Judge and PRETTYMAN, Associate Justice, United States Court of Appeals for the District of Columbia.

DOBIE, Circuit Judge.

Virginia Tobacco Company, Incorporated, brought a civil action in the Corporation Court of Danville, Virginia, against Robert Wilson, seeking damages for the destruction by fire of tobacco which was being transported in a truck owned by Wilson. The cause was removed to the United States District Court for the Western District of Virginia and the District Judge dismissed the plaintiff's action. Plaintiff has duly appealed to us.

We find no merit in plaintiff's contention that defendant's answer in the District Court was filed too late. See Bolling v. Merchants and Business Men's Mutual Fire Insurance Co., D.C., 39 F.Supp. 625; Martin v. Lain Oil & Gas Co., D.C., 36 F. Supp. 252; Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir.,

130 F.2d 185; Rule 55, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiff next complains that the dismissal was improper since the case involved disputed issues of fact. This contention, too, we think, is lacking in merit.

On August 9, 1946, Virginia Tobacco Company contracted with White & Swann for the transportation by White & Swann of 145 bales of tobacco from Clarkton, North Carolina, to Danville, Virginia. White & Swann issued its bill of lading (No. 1304) covering this shipment and the bill of lading provided for unconditional protection to the cargo of tobacco. There is some question under whose franchise from the Interstate Commerce Commission the tobacco was transported, but it is quite clear that neither White & Swann nor Wilson had any such franchise, as would cover this particular shipment.

Plaintiff contends that Wilson is liable for the destruction of the tobacco on the grounds that Wilson was a common carrier as to this shipment, or at least was an independent contractor. These contentions were denied by the District Judge who held that the transaction between Wilson and White & Swann was purely a lease by Wilson of his truck to White & Swann and the lease included the furnishing of a driver of the truck by Wilson to White and Swann, the truck and driver to be under the complete control and absolute direction of White & Swann. The District Judge, distinguishing the case of Hodges v. Johnson, D.C., 52 F.Supp. 488, held there was no liability on the part of Wilson.

On the record before us, we think this holding of the District Court was quite correct. It, therefore, becomes unnecessary for us either to consider or to decide any questions connected with the Insurance Company which issued a policy to White & Swann covering the shipment in question.

The judgment of the District Court is affirmed.

Affirmed.